### BUCKINGHAM v. ESTES.

(Circuit Court of Appeals, Sixth Circuit. March 16, 1904.)

No. 1,245.

1. APPEAL—OBJECTIONS TO PARTIES—TIME.

Where suit was brought by a married woman against her husband and his trustee in bankruptcy to enforce a resulting trust of certain land standing in his name, an objection that a judgment in her favor was erroneous because she, being a married woman, had no power to sue without the intervention of a trustee or next friend, and that no decree pro confesso was taken against her husband on his failure to answer, could not be made for the first time on appeal.

2. SAME—BANKRUPTCY—RESULTING TRUSTS—PARTIES.

A bankrupt is not an indispensable party to a suit by his wife against his trustee in bankruptcy to enforce a resulting trust of real estate scheduled as a part of the bankrupt's assets.

3. SAME—RECORD.

Where, on appeal from an order allowing a claim against a bankrupt's estate, the transcript failed to disclose the date of the adjudication, an objection that the allowance was erroneous because the claim was not proved within one year after the adjudication, as required by Bankr. Act, § 57n (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), was unavailable.

4. SAME—PROOF OF CLAIM—ACTIONS.

Where a bankrupt's wife brought suit against the bankrupt and his trustee to enforce an alleged resulting trust concerning lands transferred as a part of the bankrupt's assets within a year after the adjudication of bankruptcy, in which she subsequently recovered a decree, the claim was sufficiently "proven," within Bankr. Act, §§ 57, 57n (Act July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, pp. 3443, 3444]), requiring claims to be proved within a year, and authorizing amendment of the claim after a year has elapsed.

5. SAME—DECREE—ACCOUNTING—REVIEW.

Where, in an action by a bankrupt's wife to enforce a resulting trust of land assigned as a part of the bankrupt's assets, the court rendered a decree in plaintiff's favor and adjudged her entitled to rents, and thereafter referred the matter to the master, only to determine the amount of such rents, an appeal from a decree confirming the master's report settling the amount of the rents did not authorize a review of the wife's right to recover any rents under the facts.

6. ASSIGNMENT OF ERROR.

Where, on appeal from an order confirming a master's report as to the amount of rents a bankrupt's wife was entitled to under a decree en-

---

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

¶ 2. See Bankruptcy, vol. 6, Cent. Dig. § 448.

forcing a resulting trust of land held by the bankrupt, none of the errors assigned raised any question as to the correctness of the decree in favor of the wife for rents and profits, but all of them related to the question of amount, the wife's right to recover rents could not be reviewed.

**7. SAME—SUFFICIENCY OF EVIDENCE—FINDINGS OF MASTER—AFFIRMANCE.**
Where the trial court affirmed findings of a master on an accounting of rents, such finding will not be reversed on appeal, unless a plain mistake is definitely pointed out.

Appeal from the District Court of the United States for the Western District of Tennessee.

In Bankruptcy.

The appellee, the wife of Z. N. Estes, a bankrupt, filed her petition in the bankruptcy proceeding for the purpose of enforcing a resulting trust in a certain parcel of land which the trustee in bankruptcy was about to sell as the property of the bankrupt, and also for the purpose of recovering against the bankrupt's estate the rent received from said land by the bankrupt as trustee for the sole and separate use of his wife, the petitioner. The bankrupt trustee and the bankrupt were made parties, and duly served with process. Such proceedings were had as resulted in a decree in favor of Mrs. Estes, finding that the bankrupt, as trustee of a fund to the sole and separate use of his wife under the will of her father, had invested this fund in the land in question, and taken the title to himself without the knowledge or consent of his cestui que trust. The decree directed the trustee to convey the land to the petitioner to her sole and separate use. The court also decreed that the bankrupt was liable to account to petitioner for the rents collected by him as trustee since his qualification as her trustee, and allowed her claim for rents and profits, without interest, and ordered that she "be admitted to prove the same as a debt against the individual estate of the bankrupt." For the purpose of ascertaining the amount of her claim so allowed to be proven, the standing master of the court was ordered to take and state an account "of all rents, profits, or income which the said Z. N. Estes has received from said estate since March 27, 1871, up to this date," and that he will report same, without interest, to this court. It was further ordered that, "upon the coming in of this report showing the sums due petitioner upon said account, she will stand as a creditor against the individual assets scheduled as his, to the extent of such amount, in the settlement of this estate in bankruptcy." The petition of Mrs. Estes was filed February 19, 1902. This decree was made on October 25, 1902. The trustee filed a report December 15, 1902, fixing petitioner's claim at $5,338.90. January 15, 1903, Mrs. Estes filed a formal proof of debt, based upon this report. March 28, 1903, exceptions to this report, filed by the trustee, were overruled, and the report confirmed. By this decree the referee was directed "to place said claim upon the list of allowed claims and dividends as provided by Form No. 40 of the forms in bankruptcy, to be recorded by him and delivered to the trustee, to the end that same may be paid by the trustee as other allowed claims against the individual estate of Z. N. Estes herein." On April 4, 1903, the trustee filed his petition, reciting that he was "much aggrieved by a decree entered herein on the 28th of March, 1903, allowing Mrs. Janet Collier Estes to prove her claim as a creditor against the individual estate of Z. N. Estes in this proceeding to the extent of $5,338.90," and praying an appeal therefrom.

Carroll, McKellar, Bullington & Biggs, for appellant.

J. P. Holt, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The trustee has entered a motion here to dismiss the petition of Mrs. Estes, the appellee, because she is a married woman, and can-

not sue in her own name without the intervention of a trustee or next friend. Without regard to the merits of this motion, such an objection cannot for the first time be taken upon appeal. Rankin v. Warner, 2 Lea, 302. No objection was taken below, and no error has been assigned. The motion is therefore denied.

He has also moved to dismiss her suit because her husband, the bankrupt, who was made party, did not answer, and no decree pro confesso was taken. This is equally untenable. No such objection was made below, and no error has been assigned because the court proceeded to a decree without a pro confesso against the bankrupt. As the bankrupt had scheduled the property sought to be recovered as his own, the legal title vested in his trustee, who did answer and defend. The bankrupt was therefore not an indispensable party to the petitioner's suit. A formal objection of this kind cannot for the first time be made in this court. Story v. Livingston, 13 Pet. 359, 10 L. Ed. 200; Carey v. Brown, 92 U. S. 171, 23 L. Ed. 469.

The first error assigned is that the court erred in allowing Mrs. Estes' claim for rents and profits against the bankrupt, because the claim was not proved within one year after adjudication of bankruptcy, as required by section 57n, Bankr. Law (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]). One insurmountable objection to this assignment is that the date of adjudication nowhere appears in the transcript of the record. The counsel for appellee called attention to this defect in a printed brief bearing the file mark of November 24, 1903. This cause was not heard until February 8, 1904, yet no step was taken to supplement the transcript so as to show the date of adjudication. The presumptions are in favor of the correctness of the action of the court below, and if we are to reverse it must be upon a transcript which will affirmatively show the ground upon which the action complained of was taken. But if we assume that the formal proof of Mrs. Estes' claim for rents and profits, filed January 15, 1903, was not made until more than one year after date of adjudication, it does not appear, and it is not claimed, that her petition setting up her claim in the bankrupt proceeding was not filed within one year after the adjudication. It would be a narrow construction of sections 57 (30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) and 57n which would not regard a claim so presented and litigated in the bankrupt proceeding as "proven" within the limitation of the section. A claim "proven" within the year is amendable after the lapse of the year, and the court below probably regarded her petition as a "statement under oath, in writing, signed by a creditor, setting forth the claim," etc., and therefore subject to amendment, to comply with the further formalities of section 57. In this the court did not err. Hutchison v. Otis, 190 U. S. 552, 555, 23 Sup. Ct. 778, 47 L. Ed. 1179.

The solicitors for the appellant, in their brief, present an argument against any allowance of the claim for rent, based upon the contention that Mrs. Estes permitted her husband to collect and hold and use these rents for his own purposes, without at any time objecting or calling him to account. The liability of the bankrupt to the petitioner for the rents collected as trustee was adjudged by the decree of Oc-

tober 15, 1902, and the only matter referred to the master was the amount of such rents. The decree of March 28, 1903, confirmed the report settling the amount. The appeal is from the last decree. This was the final decree, and a general appeal would undoubtedly open up all prior decrees of an interlocutory character. There is, in view of the terms in which this appeal was prayed and allowed, room for regarding the appeal as limited to the question of the amount of the rents collected by the bankrupt as trustee for his wife. But, waiving this, the effect of the rule requiring an assignment of error to be filed in the court below before the appeal is allowed operates in itself as a limitation of the appeal. No error was assigned which raises any question of the rightness of the decree below, holding that the petitioner was entitled to recover the tract of land she sued for, or the liability of the bankrupt to account to her as trustee for the rents he had collected on her land. Every error assigned, except the first, that the claim had not been proven within one year after adjudication, goes exclusively to the amount of rents collected. This is a fatal objection to the consideration of any other question.

The errors assigned from 2 to 9, inclusive, complain that the master and the court erred in respect to the amounts of rent shown to have been collected. This raises a question of the weight or sufficiency of evidence. The master and the court below concurred in the finding of facts, and when that is the case this court will not reverse or modify, unless a very plain mistake is definitely pointed out. Furrer v. Ferris, 145 U. S. 132, 12 Sup. Ct. 821, 36 L. Ed. 649; Camden v. Stuart, 144 U. S. 104, 12 Sup. Ct. 585, 36 L. Ed. 363; Kiewert v. Juneau, 78 Fed. 712, 24 C. C. A. 294; Turley v. Turley, 85 Tenn. 251, 1 S. W. 891.

The question was one peculiarly proper for an accounting, and we see no sufficient reason for disturbing the results reached below. Certainly no plain mistake of either law or fact has been pointed out. The result must therefore be the affirmation of the decree, which is accordingly ordered.