## GENERAL ELECTRIC CO. v. PITTSBURG-BUFFALO CO.

### (Circuit Court, W. D. Pennsylvania.   April 5, 1906.)

#### No. 6.

---

### In re NOEL.

#### (District Court, D. New Hampshire.   March 17, 1906.)

#### No. 938.

BANKRUPTCY—TIME FOR PROOF OF CLAIMS.

Under Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444], providing that claims shall not be proved subsequent to one year after the adjudication, a creditor secured by mortgage, who proceeds in the state court to establish his lien in full, cannot, upon an adverse decision, prove his claim after the time therefor has expired.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 518.]

T. F. Johnson, for trustee in bankruptcy.

Max L. Powell, for creditor.

ALDRICH, District Judge.   This case comes to me for review upon certificate from a referee in bankruptcy.

Mr. Powell, the aggrieved creditor, had a mortgage on Noel's stock in trade at the time of the adjudication in bankruptcy.   For the pur-

pose of enforcing a lien upon the property covered by the mortgage, the creditor instituted proceedings in the state court, not for the purpose of liquidating the amount of indebtedness, but for the purpose of establishing a lien upon the property for the full amount of his claim.

Pending litigation in the state courts, the statutory time for proving claims in the bankruptcy proceeding had expired.. After the case had been decided adversely to the mortgagee in the state court, and something like five months after the expiration of the year, the creditor sought to prove his claim in the bankruptcy proceeding. The referee rejected the claim upon the ground that section 57, subsec. n (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]), had operated to close the estate so far as the proof of claim was concerned.

I think the decision of the referee should be affirmed.

The evident purpose of subsection n was to expedite the administration of the bankruptcy law, and this part of section 57 seems to have been generally accepted as something to be enforced with reasonable strictness. There are certain express exceptions from its operation, and it is possible that a case might arise upon the ground of fraud, accident, or mistake, so strong as to justify relief upon equitable considerations. But this case is far from being within the suggestion of such possible relief. It cannot be that a creditor, who has elected to take the chance in the state court of securing a favorable decision upon his claim of a lien preference for the full amount of the indebtedness, rather than to take his chances with the general creditors, should be relieved from the operation of the statute upon the naked ground of an adverse result. Manifestly such was not the idea of the statute.

It is hardly necessary to cite the authorities, which seem to be quite uniform, at least so far as concerns the proposition involved here. The cases cited by the referee, and those cited in support of the text of Collier on Bankruptcy (5th Ed.) in his treatment of subsection n, at page 424, are quite sufficient for the question here.

The case of Keppel v. Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, upon which the creditor relies, does not, as it seems to me, deal at all with the question under consideration. The meaning of that case, as I understand it, is in effect that a creditor, standing upon an adverse decision within the year, should, in respect to his proof of claim, be treated as one surrendering his preference, upon the ground that surrender, within the meaning of the statute, denotes compulsory, as well as voluntary, action. The question of proving claims after the statutory time had run was not there considered or decided.

Decision of the referee affirmed.