In re LANDIS.

(District Court, E. D. Pennsylvania. September 26, 1907.)

No. 2,338.

BANKRUPTCY—TIME FOR PROVING DEBTS—CLAIM LIQUIDATED BY LITIGATION.
 Where a claimant of property which was in the possession of a bankrupt at the time of his bankruptcy was defeated after litigation in the court of bankruptcy on the ground that the transaction by which the property was delivered to the bankrupt constituted a sale which passed the title, he may prove his claim for the purchase price against the estate, although more than a year has elapsed since the adjudication as one liquidated by litigation within the meaning of Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444].

In Bankruptcy. On certificate from referee concerning claim of Charles B. Cleaver.

Reiser and Schaffer, for claimant.
Joseph R. Dickinson, for trustee.

J. B. McPHERSON, District Judge. After Cleaver had been determined by this court on March 5, 1907, not to be the owner of the horses in dispute (see opinion reported in 151 Fed. 896), he surrendered them to the trustee, and on April 29th filed a proof of claim as a creditor for $380, this being the amount agreed upon with the bankrupt as the purchase price of the animals. The referee finally rejected the claim in June, giving the following reasons therefor:

"Landis was adjudged bankrupt about September 21, 1905. Cleaver filed his claim for $380 on April 29, 1907. The referee distributed prior and final dividends to Cleaver. The trustee and creditors excepted to this action. The claimant excuses his lateness in filing his proof by showing that he was engaged in bona fide litigation of the kind intended by section 57n of the bankruptcy act, and that he was therefore not compelled, and could not be expected, to file his proof of claim within a year of the adjudication. The claimant relies on In re Fagan (D. C.) 140 Fed. 758, 15 Am. Bankr. Rep. 520 to support his excuse and his right to file his claim on April 29.

"The court in the Fagan Case admits that there are no authorities to support the views expressed. I have found so many cases decided both before and since the Fagan Case, holding to the strict letter of section 57n, that I am bound to conclude that the Fagan Case has not been followed, and that it is not competent authority. The cases of In re Noel, 16 Am. Bankr. Rep. 457, 144 Fed. 439 (District Court of New Hampshire), and In re J. M. Mertens & Co., 16 Am. Bankr. Rep. 825[1] (United States Circuit Court of Appeals, Second Circuit, a New York case), came after the Fagan Case, and are strong authorities. The latter is especially strong, in that it proves to my mind that the claimant here could have filed a proof of claim while his litigation was pending. I believe that, if I dismissed the exceptions to the Cleaver claim, I would be reversed on review. I will therefore sustain the exceptions, and hold that because Cleaver did not file his proof of claim within a year of the adjudication it cannot be allowed to share in dividends but must be expunged."

It will be seen, I think, that these facts are in essentials similar to the facts that appeared in Re Baird, which was decided a few months ago in this district. The reports of the two decisions of that case will be found in 18 Am. Bankr. Rep. 228, and in 154 Fed. 215. For the reasons given in the second decision, and relying again upon the authority of Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43, the ruling of the learned referee is now reversed, and the case is recommitted with instructions to allow the claim.