BENNETT v. AMERICAN CREDIT INDEMNITY CO.

(Circuit Court of Appeals, Sixth Circuit. March 3, 1908.)

No. 1,745.

BANKRUPTCY—CLAIMS—FILING—TIME FOR.

Though creditors of a bankrupt did not file their claim within one year following the adjudication, as required by statute, an assignment thereof filed with the referee by the assignee within the year may be treated as sufficiently presenting the claim to permit an amendment made after the year.

Appeal from the District Court of the United States for the Eastern District of Kentucky.

J. B. Baskin, for appellant.

W. S. Moberly, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge   In the case of In re Bennett, 153 Fed. 673, 82 C. C. A. 531, this court, affirming the judgment of the lower court, in which Judge Cochran delivered a well-considered opinion, held that certain claims against the Hume Cooperage Company, a bankrupt corporation, were entitled to priority under section 2487, Ky. St. 1903, on the ground they were for materials and supplies furnished to carry on the business of the bankrupt. Among these claims was one for $2,336.95. This claim was originally owned by Dennis Bros., of Grand Rapids, Mich., and was sold and assigned by that firm to the American Credit Indemnity Company   It was objected to by certain creditors, and finally disallowed by the referee on the ground that it was not duly filed by the claimant within 12 months from the adjudication, which took place on August 26, 1905. The referee found it was filed December 20, 1906, more than 12 months from the adjudication.

A petition for review to this order and finding was presented by the American Credit Indemnity Company. The matter was heard by Judge Cochran, and a careful opinion rendered, reviewing the facts shown by the record. It hardly seems necessary to go over the matter in detail again. The Dennis Bros., in their testimony, claim they mailed the account to the referee on or about September 5, 1905, which was within the year. The referee says he did not receive it. The Credit Indemnity Company insist that after it became the owner of the claim, on August 11, 1906, it mailed to the referee an assignment thereof from Dennis Bros. to it. Of course, if the Dennis Bros. did not mail —that is, file—the claim on or about September, 1905, but the Credit Indemnity Company did mail the assignment to the referee on August 11, 1906, and the latter can be treated as presenting the claim sufficiently to permit of the subsequent amendment which was filed December 19, 1906, this would amount to a sufficient compliance with the statutes, and so the court below held. Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; In re Roeber, 127 Fed. 122, 62 C C. A. 122; Buckingham v Estes, 128 Fed. 584, 63 C. C. A. 20. The fog thrown about the actual transactions seems to have resulted

from the unfortunate lack of promptitude on the part of the referee in attending to his correspondence. Under the circumstances, the best the court below could do was to infer from all the facts in proof what the actual fact in issue was, although direct proof of that fact was lacking. The conclusion reached was in the interest of justice; it saved the claim and awarded it priority along with others of like nature.

We affirm the judgment.

NOTE.—The following is the opinion of Cochran, District Judge, of the lower court:

This cause is pending before me on four separate petitions for review. One petition is by the trustee and certain preferred creditors of the bankrupt. The action of which they complain is the referee's permitting the Cranor-Smith Lumber Company, and other creditors of the bankrupt, to amend their proof of claim and set up a lien after the expiration of one year from the adjudication in bankruptcy. In as much as the petition does not name the other creditors who have been so permitted to do, and the referee in his certificate does not name them either, probably the petition is not good so far as the creditors other than Cranor-Smith Lumber Company are concerned; but this is an immaterial matter as the ruling as to the Cranor-Smith Lumber Company is the same as would have been as to the other creditors had they been named.

The claim set up by the amendment is not of a lien, but of a priority, and is the same priority as has been heretofore adjudged herein. The amendment simply sets up the facts out of which the priority arises and claims it. The original proof covers the fact of indebtedness and its amount. It would seem that the action of the referee in permitting the amendment is correct and that it is upheld by the following decisions, to wit: Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; In re Roeber, 127 Fed. 122, 62 C. C. A. 122; Buckingham v. Estes, 128 Fed. 584, 63 C. C. A. 20.

In the Hutchinson-Otis Case the creditor had a lien on a seat in the New York Stock Exchange. He did not assert this lien originally. Prior to the institution of the bankruptcy proceedings, but within four months prior thereto, he had attached indebtedness due the bankrupt, and by default he obtained satisfaction of his debt therefrom, first guaranteeing the garnishee from liability to others. Subsequently, the trustee sued the garnishee and the creditor recognized his liability, and paid to the trustee the amount received from him. This undid the satisfaction of the creditor's indebtedness by means of the attachment proceedings. He thereupon filed a petition asserting a claim to the proceeds of the seat in the Stock Exchange, which had been sold by the trustee and the proceeds of which had been received by him. Before the lapse of a year from the adjudication in bankruptcy, the creditor had filed a proof of his claim. It was defective. Judge Putnam, in the report of the case in 115 Fed. 937, 53 C. C. A. 419, says that it failed in very substantial particulars to comply with the general orders of the Supreme Court in reference to such matters. It would seem that it was filed as an ordinary claim, and that no lien was claimed on the Stock Exchange seat. The payment to the trustee which undid the satisfaction through the attachment proceedings was not until after the lapse of a year from the adjudication. So that really during the year there was no right to file proof of the claim. Subsequent to said payment and after the lapse of the year the creditor filed a substituted proof of claim, and alleged that it was secured by the proceeds of said seat in the trustee's hands. Previous thereto the petition claiming said proceeds had been filed. It does not appear just when this petition was filed, but evidently after the payment by the creditor to the trustee of the amount received from the garnishee and the lapse of the year. So that all that was filed within the year was a proof of claim defective in very substantial particulars. No lien on the Stock Exchange seat or claim to proceeds thereof was asserted until after lapse of a year. It was held that the creditor was entitled to said proceeds. It is true that the trustee consented to the filing of the sub-

stituted proof of claim after the lapse of the year, but the decision is not limited to that fact as the ground thereof.

In the Circuit Court of Appeals, Judge Putnam said: "The only ground to which it (the appeal) can relate is the objection to the substituted proof because it was not filed within the year limited by the terms of the statute. This, however, is easily disposed of. Courts of bankruptcy, like courts of admiralty, permit amendments with a most liberal hand; and as there was enough in the original proof by which to amend, and as the district court thought it was equitable to allow the amendment, the appeal cannot be maintained."

In the Supreme Court Mr. Justice Holmes said: "It is argued that the allowance of the amendment is within section 57n, forbidding proof subsequent to one year after adjudication, etc. Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proven. The clause relied upon cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of action after the statute of limitations has run, when the original declaration was bad."

In the Roeber Case the creditor filed within the year "a document inartificially drawn if considered as a 'proof of claim,'" in which the amount due him was set forth, and claimed a lien on a certain special fund due the bankrupt. It was signed by his attorney, but not sworn to. This claim was litigated and decided adversely to the creditor. This document was permitted to be amended after the lapse of the year, so as to conform to the requirements of the bankrupt act, and then allowed as a general claim. Judge Lacombe said: "Bankruptcy courts have the usual power of courts of justice upon motion and for good cause, to allow amendments. All parties were advised of the claim within the year. There is no dispute that the amount claimed is justly owing from the bankrupt. The amendment was in furtherance of justice and within legitimate exercise of the power of amendment under the authorities."

This case was the reverse of what we have here.

In the Buckingham-Estes Case within the year a petition was filed asserting a resulting trust in certain land which the trustee was about to sell as part of bankrupt's estate, and seeking to recover rents received by the bankrupt before the bankruptcy proceedings. This petition was sustained, and it was ordered that the petitioner be allowed to prove the rents as a debt against the bankrupt, and a reference was made to ascertain amount of rents due. Upon coming in of the report a formal proof of the indebtedness was filed. This was after the lapse of a year from the adjudication. Judge Lurton said: "But if we assume that the formal proof of Mrs. Estes' claim for rents and profits filed January 15, 1903, was not made until more than one year after date of adjudication, it does not appear, and it is not claimed that her petition setting up her claim in the bankrupt proceedings was not filed within one year after the adjudication. It would be a narrow construction of sections 57 and 57n which would not regard a claim so presented and litigated in the bankrupt proceeding as 'proven' within the limitation of the section. A claim 'proven' within the year is amendable after the lapse of the year, and the court below probably regarded her petition as a statement under oath in writing, signed by a creditor setting forth the claim, etc., and therefore subject to amendment to comply with the further formalities of section 57. In this court did not err."

The sole question in any given case is whether the document tendered is a proper amendment, and furtherance of justice requires it to be filed. If so, and the document proposed to be amended was filed within the year, it should be allowed to be filed even though the year has then elapsed. The statute prescribes no limit as to the time within which amendments may be filed. In this case the document tendered is a proper amendment; furtherance of justice required it to be filed and the document proposed to be amended—a formal proof of the claim as required by the act—was filed within the year. The referee's action in this particular is approved, and this petition for review is overruled.

Each of the other three petitioners is a creditor of the bankrupt. Their petitions are embraced in the same document, but each petition is separate, so that it cannot be treated as a joint petition. They had no right to petition jointly and it would have been better for the petitions to have been in separate papers so as to avoid the appearance of petitioning jointly. The petitioners are the American Indemnity Company, J. S. Stults, and the Colonial Coal & Coke Company. In the petition for review the latter petitioner is given as the South and West Coal and Coke Company. This is a mistake, and it may be corrected on the face of the petition. The referee refused to allow each of these creditors to file their claims because they came too late, i. e., after the lapse of one year from the adjudication. The date of the adjudication was August 26, 1905.

The claim of the indemnity company is as assignee of Dennis Bros. It is claimed on its behalf that said Dennis Bros. mailed said claim to the referee after the receipt of notice from the referee of the first meeting of creditors, which was on or about September 5, 1905, and on August 11, 1906, after it had become the owner of said claim it mailed an assignment thereof to him. If said claim as mailed was received by the referee, of course it was filed in time. If it was not, then it was not filed in time unless the filing of the assignment can be treated as a document presenting the claim sufficiently to permit of an amendment, and it was in fact received by the referee. For it was mailed, and in due course of mail should have been received within the year.

I think there can be no question that said claim was mailed at the time claimed. It is testified to by one of the Dennises and in a letter by them to the referee, of date May 24, 1906, it is presupposed that it had been filed. But the referee in his certificate by way of recital and not by distinct statement to that effect says it was not received. This must be accepted as stating his recollection in regard thereto. Yet the record is not without circumstances tending to show that possibly he is mistaken—that he received it, and has in some way mislaid it. Those circumstances are these: The letter of May 24, 1906, from Dennis Bros., calling for information as to whether the claim had been allowed was unanswered; the letter of August 11, 1906, from the indemnity company inclosing the assignment and requesting an acknowledgment of its receipt was unanswered; the letter of September 5, 1906, repeating this request was not answered until shortly before September 20, 1906; three letters of September 27, 1906, October 19, 1906, and November 9, 1906, requesting form of proof of the claim as preferred claim, and two letters of December 19, 1906, and February 20, 1907, requesting information as to whether the proof of said claim as a preferred claim was in proper shape, were unanswered. I am not advised as to how far a referee is expected to answer such communications promptly; but the failure so to do here in so many instances bespeaks to a certain extent of inattention. In view of it, I cannot feel absolutely sure that the proof of claim was not received in due course of mail when first sent, and that in some way it became mislaid, and its receipt has been forgotten.

But it is not stated that the letter of Dennis Bros. of May 24, 1906, and the letter of the indemnity company of August 11, 1906, inclosing the assignment of the claim, were not received by the referee. On the other hand, the referee in his letter to said company of September 20, 1906, begins with the statement "I have received several communications from the American Indemnity Co." Prior to that time it had written him but two letters—one of which was the letter of August 11, 1906, inclosing the assignment. The receipt of these letters by the referee was within the year. Under the liberal rule as to amendments indicated above, I think they are sufficient to permit of an amendment after the lapse of the year. The proof inclosed to the referee on December 19, 1906, may be treated as amendment thereof, and in this way the claim may be saved. They were both notifications to the referee of the position that proof of this claim had been theretofore filed, and if it had not been claimant should have been notified that it had not, so that same could be filed in due time. The action of the referee as to this claim is disapproved. It should be allowed, and given priority along with the other claims of like character.

The case presented by the petition of J. S. Stults is this: His post office address is Columbia, Ky. It was given in the schedule as Columbia, Tenn. The result was that he received none of the notices of the bankruptcy proceedings, and he never made an attempt to prove his claim until after the lapse of the year from the adjudication. It is not stated in his affidavit that he did not in fact know of the pendency of said proceedings during that time—only that he did not receive any such notices. It had been protested before the institution of the proceeding. The slightest inquiry would have informed him that his debtor had gone into bankruptcy. In the absence of a statement that he did not know, and an explanation as to why he made no such inquiry, if in fact he did not make any, it must be accepted that he did not know that this proceeding was pending. A failure to prove his claim in time, therefore, was due to his own carelessness. But, however this may be, the provisions of the bankrupt act limiting the time within which claims may be proven is peremptory, and the fact that he did not receive notice and did not actually know of the pendency of the proceeding is not sufficient to permit him to file his claim after the lapse of the year. An authority directly in point is the case of In re Muskoka Lumber Co. (D. C.) 127 Fed. 886. The action of the referee here is approved.

Then as to the petition of the Colonial Coal & Coke Company. It appears that it filed its claim in due time with the receiver appointed at the beginning of this proceeding, but that he failed to turn it over to the trustee or referee. I do not think that this is a sufficient filing of the claim. It does not come within the case of Orcutt Co. v. Green, 204 U. S. 96, 27 Sup. Ct. 195, 51 L. Ed. 390.

The petition of the trustee and co-operating creditors, of J. S. Stults and the Colonial Coal & Coke Company are overruled, and the action of the referee complained of therein is affirmed. That of the American Credit Indemnity Company is sustained, and the action of the referee complained of therein is reversed, with directions to allow said claim as a preferred claim.