### In re STANDARD TELEPHONE & ELECTRIC CO.

(District Court, E. D. Wisconsin. April 12, 1911.)

1. BANKRUPTCY (§ 336*)—CLAIMS—AMENDMENT AFTER LIMITATION.

A trustee under a mortgage given to secure bonds of the bankrupt corporation filed a petition before the referee in bankruptcy setting up the mortgage and praying that it be declared a first lien, that the property be sold for cash, and the proceeds applied to the mortgage, with a prayer for other and further relief. Issue being joined, testimony was taken and the bonds introduced in evidence. The mortgage having been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

held void and the determination having been affirmed by the United States Supreme Court, more than a year after the institution of bankruptcy proceedings, the owner of the bonds filed a claim on the bonds as a general creditor within 60 days after such affirmance. *Held* that, though the proceedings by the trustee under the mortgage did not constitute a sufficient proof of claim within Bankr. Act July 1, 1898, c. 541, §§ 57a, 57b, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), such proceeding, having disclosed all the facts necessary to show a valid claim against the estate, was amendable after the expiration of the year so as to disclose a valid claim.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 336.*]

2. BANKRUPTCY (§ 328*)—CLAIMS—"LIQUIDATION."

Bankr. Act July 1, 1898. c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901. p. 3444), declares that claims shall not be proved against a bankrupt's estate subsequent to one year after the adjudication, or, if liquidated, by litigation, and the final judgment is rendered within 30 days before or after the expiration of such time. then within 60 days after the rendition of such judgment. *Held*, that the term "liquidation," as so used, was not limited to proceedings having for their object only the ascertainment of the amount due on the claim, but included as well proceedings to ascertain the kind and character as well as the amount of the claim, and hence proceedings against a bankrupt's estate to establish certain bonds as a preferred lien on the bankrupt's assets covered by mortgage given to secure the bonds were proceedings for liquidation, so that, on adverse determination, the bondholders were entitled within 60 days to file their claims on the bonds as general creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.*

For other definitions, see Words and Phrases, vol. 5, p. 4180.]

In Bankruptcy. In the matter of bankruptcy proceedings of the Standard Telephone & Electric Company. On petition to review a referee's order allowing the claim of one Ainslee after amendment as a general claim. Affirmed.

See, also, 157 Fed. 106.

This is a petition for a review of the decision of Hon. E. Q. Nye, referee, who allowed the claim of Mrs. Ainslee on her bonds as a general creditor. The mortgage given to secure such bond covered all the property of the bankrupt, and K. K. Knapp was the trustee named therein. On December 5, 1906, the company was adjudged bankrupt on creditors' petition. On December 21, 1906, an order was entered upon the petition of the trustee in bankruptcy that all of the property of the bankrupt be sold free and clear of incumbrance. Knapp, as trustee under said mortgage, filed a petition before the referee, setting up the mortgage, and praying that it be declared a first lien upon the property of the bankrupt, and superior to the rights of all other creditors, and that the property be sold for cash, and the proceeds of such sale be applied on his mortgage, with prayer for such other, further, or different relief as equity and good conscience might dictate. Issue was joined on this petition, and in February, 1907, came on for a hearing before the referee. Testimony was taken. The bonds, among which were those of the present claimant, were introduced in evidence. It was admitted that Mrs. Ainslee, the present claimant, was the cestui que trust under the trust deed thus presented by Knapp. On March 22, 1907, the referee filed his findings of fact and conclusions of law, and among other things found that the amount due on such bonds was something over $9,000, but that the mortgage was void under the statutes of Wisconsin. Knapp, as trustee, appealed to the District Court from this decision of the referee, where the decision of the referee was sustained. 157 Fed. 107. The litigation was continued through the Circuit Court of Appeals to the Supreme Court of the United States. In each of said courts the decision of the referee was affirmed. The decision of the Supreme Court was rendered March 7, 1910 (216 U. S. 545, 30 Sup.

Ct. 412, 54 L. Ed. 610). April 18, 1910, Mrs. Ainslee, the claimant, filed a claim before the referee which complied with all the requirements of section 57. The mandate of the Supreme Court was filed with the clerk of the District Court June 13, 1910, so that such claim was filed within 60 days of the adjudication of the Supreme Court.

This claim of Mrs. Ainslee was objected to by the trustee in bankruptcy on the ground that more than one year had elapsed between the adjudication in bankruptcy and the filing of her claim. This objection was predicated upon section 57n of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]).

Knapp & Campbell (Van Dyke, Rosencrantz, Shaw & Van Dyke, of counsel), for Mrs. Ainslee.

Miller, Mack & Fairchild, for trustee.

QUARLES, District Judge (after stating the facts as above). [1] The contention of claimant is, first, that the petition presented by Knapp as trustee under the mortgage was in contemplation of law a presentation of the claim of Mrs. Ainslee as the cestui que trust upon the bonds, and that such claim so presented within the year, although informal, may lawfully be amended after the expiration of such period; and, secondly, that the legal proceedings to establish and enforce the mortgage were a liquidation of the claim within the terms of the exception found in section 57n.

We will consider these points in the order in which they are presented by counsel.

Knapp presented a claim under the mortgage as the legal representative of the cestui que trust. He was within the Wisconsin statute a trustee of an express trust, and might conduct any necessary proceedings to enforce the mortgage in his own name, without joining the cestui que trust. St. Wis. 1898, § 2607. The essence of his claim was: That these bonds were subsisting indebtedness of the bankrupt. The amount of the bonds was proven and the bonds themselves filed. That by virtue of the mortgage he, as trustee, was entitled to a first lien on all the assets which should be sold and applied upon the debt. That the litigation was diligently prosecuted in good faith to the court of last resort, and that, until the contention of Knapp had been disposed of, there could be no general claim as an unsecured creditor on the bond. It would be idle to contend that this showing was sufficient as a "proof of claim" within section 57a and section 57b, but it put upon the record all the facts necessary to establish a bona fide indebtedness and the circumstances under which it was incurred. It seems to be settled that if the presentation of the bonds to the referee may be considered as a claim, although informal, it might be amended after the expiration of the year.

The Supreme Court in Hutchinson v. Otis, 190 U. S. 552, 555, 23 Sup. Ct. 778, 779, 47 L. Ed. 1179, have construed this section of the bankruptcy act as follows:

"It is argued that the allowance of the amendment is within section 57n, forbidding proof subsequent to one year after the adjudication, etc. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proved. The clause relied upon cannot be taken to exclude amendments. An example similar in principle is the allowance of an amendment setting up the same cause of

action after the statute of limitations has run when the original declaration was bad. The proceedings remain in the District Court notwithstanding the appeal and the amendment properly was allowed there."

In Buckingham v. Estes (6th Circuit) 128 Fed. 584, 586, 63 C. C. A. 20, 22, the court say:

"But if we assume that the formal proof of Mrs. Estes' claim for rents and profits filed January 15, 1903, was not made until more than one year after the date of adjudication, it does not appear, and it is not claimed, that her petition setting up her claim in the bankruptcy proceedings was not filed within one year after the adjudication. It would be a narrow construction of sections 57 and 57n which would not regard a claim so presented and litigated in the bankruptcy proceedings as 'proven' within the limitation of the section. A claim 'proven' within the year is amendable after the lapse of the year, and the court below probably regarded her petition as a statement under oath in writing signed by a creditor, setting forth the claim, etc., and therefore subject to amendment, to comply with the further formalities of section 57. In this the court did not err"—citing Hutchinson v. Otis, supra.

In Re J. M. Mertens & Co. (2d Circuit) 147 Fed. 177, 77 C. C. A. 473, the claimant two days before the expiration of one year from the date of adjudication filed a claim for certain woolens sold and delivered to said bankrupt because of certain false representations made by him touching his financial responsibility. At a meeting of the creditors held after the filing of the proof, the trustee demanded that the claimant state whether his claim was for the contract price of goods sold and delivered or for damages upon the implied contract, or whether it was in tort. Counsel for the claimant stated that his claim showed what it was for, and that it was not filed on the theory of goods sold and delivered. Thereupon the trustee filed objections to the claim on the ground that it must be construed either as a claim based on fraud or for damages arising out of an implied contract. If for fraud, it was not provable under the act. Being a claim for damages, it could not be filed until the damages were liquidated, and, as more than a year had elapsed since the adjudication, it was too late to liquidate them. This contention was sustained by the referee, and, on petition for review, the order of the referee was reversed, the court holding:

"The provisions of the statute must, of course, be followed, but in construing them the court should keep in mind the fact that one of the chief objects of the law is to secure a fair division of the bankrupt's estate among his creditors."

Thereupon the court proceeded to consider section 57 and its various subdivisions, and concludes:

"From these various sections we deduce the following propositions: That proof and allowance of claims are two separate and distinct steps; that a clear statement of a claim in writing duly verified and filed with the referee, if made within a year, is sufficient to take the claim out of the statutory limitation, even though it may be allowed, or liquidated and allowed, afterwards.

"We think that section 63b must be interpreted in the light of the other sections of the law, and that to construe it as meaning that no proof of unliquidated claims can be filed until the precise amount due thereon is established will in practical operation make the allowance of such claims impossible, for the reason that a hostile trustee or creditor can easily delay

the liquidation until after the expiration of the year. A more reasonable and sensible construction is that the filing of the proof, like the filing of a declaration at common law, if made within the time, takes the claim out of the statute of limitations, and that, after such proof is made, the claim is before the court to be dealt with as the interests of the bankrupt and the creditors may require."

The court proceeded:

"The practical situation then is this: The woolen company has a claim against the bankrupt for $28,614, the amount being admitted alike by the bankrupts and the trustee. It also has a claim for the same amount against the trustee for conversion, growing out of the fraudulent representations of the bankrupts when the goods were ordered. Manifestly the woolen company is entitled to its goods, or the value thereof, or, failing to establish fraud, to its share in the bankrupt's estate."

Still more advanced ground is taken by the court in Re Strobel (D. C.) 163 Fed. 787, where the court hold, in substance, that a presentation of the facts before the court in bankruptcy amount to a sufficient compliance with section 57n, although no claim was specifically · made or filed with the referee. Reference was made in the opinion to the Roeber Case, 127 Fed. 122, 62 C. C. A. 122. In that case before the year a document inartificially drawn being considered as a proof of claim, the amount due is set forth, and a lien was claimed on a certain special fund due the bankrupt. It was signed by the attorney, but not sworn to. This claim was litigated and decided adversely to the creditor. This document was permitted to be amended after the lapse of a year, so as to conform to the requirements of the bankruptcy act, and then allowed as a general claim.

Judge Lacombe, in deciding the case, said:

"Bankruptcy courts have the usual power of courts of justice upon motion and for good cause to allow amendments. All parties were advised of the claim within the year. There is no dispute that the amount claimed is justly owing from the bankrupt. The amendment was in furtherance of justice, and within a legitimate exercise of the power of amendment under the authorities."

In the instant case there was a large claim based on bonds secured by mortgage. The trustee under the mortgage made proof before the referee which was sufficient to enable him to insist upon the lien of the mortgage. Everybody interested in the estate was informed of the exact status of the claim. The amount due on the bonds was adjudicated by the referee; and there is no dispute that such amount was justly due from the bankrupt. A claim upon the bonds as an unsecured creditor was absolutely incompatible with the contention made by Knapp as trustee. When it had been determined in the courts that the mortgage was void ab initio under the Wisconsin statutes, then for the first time it becomes important for the present claimant to secure recognition as a general unsecured creditor.

Section 57n of the bankruptcy act reads as follows:

"(n) Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the right of infants and insane persons with-

out guardians, without notice of the proceedings, may continue six months longer."

[2] The second question raised by the record is whether the litigation to determine the validity of the mortgage lien was a liquidation within the meaning of the above section. Under the Knapp contention, the sole question was the validity of the mortgage lien. If such mortgage lien was held valid, there was no claim to be made by Mrs. Ainslee upon her bonds as an unsecured creditor. The contention that the term "liquidation" applied only to the amount due on the claim is too narrow a view. Worcester in his Unabridged Dictionary gives the first definition of this term, "To clear away, to clear or free from complication, confusion or obscurity," and the third definition, "To ascertain the kind and precise amount of, as of damages or a debt." To remove doubt as to the kind of a claim was as much a liquidation as to determine the exact amount thereof. The very point and the only point to be determined was whether the mortgage drew to itself all the assets, or whether a claim against general assets as a common unsecured creditor must be resorted to.

This litigation may justly be considered a process of liquidation within the meaning of section 57n. There was at one time a sharp conflict of authority on this point; but the later authorities seem to sustain the view adopted by the learned referee. Perhaps the leading case is Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43, decided by the Circuit Court of Appeals of the First Circuit. It was there held that where a claim secured by a mortgage on the bankrupt's stock in trade was attached by the trustee as a preference, and the creditor sued in a state court to establish the validity of the mortgage, and the mortgage was held to be invalid as a preference, the creditor's claim was thereby liquidated by litigation and provable as an unsecured claim within 60 days after the rendition of the judgment in the state court, as provided by section 57n. In this case, on page 91, the court say:

"The phrase 'liquidated by litigation' is general, and the object of the exception which is made to the statutory limit of time is plainly to allow the proof of a claim after the expiration of a year by a creditor who during that time was engaged in litigation with the bankrupt's estate concerning its liability to him. In a sense the debt evidenced by the promissory notes held by Powell had already been liquidated. Apart from bankruptcy proceedings, Powell could have sued Noel at law for their face value. It may be that, pending the litigation he could have proved his claim in bankruptcy as a secured claim, leaving his proof to be amended in case his mortgage was avoided. Hutchinson v. Otis, supra. But to prove during litigation a claim which cannot be allowed unless the creditor fails in the litigation is but an empty formality. If the security is as large as the debt, it is a formality which can hardly be accomplished under the rules and with the forms which have been provided. Notice of the claim is given in effect by the litigation, and, if the preferred creditor is not to be deprived of his proof altogether, there seems no good reason why he should not offer it immediately after the litigation is ended. The substantial amount of Powell's claim, the amount for which he could seek allowance and upon which he could demand a dividend here, remained uncertain until the validity of the mortgage had been settled."

Re Baird (D. C.) 154 Fed. 215, is an instructive case. A creditor had an attachment before bankruptcy proceedings were instituted.

If it could be maintained, he would have collected his whole debt, and consequently would have had no claim against the estate. The result of the litigation was adverse to the creditor. It was held that he was not compelled to prove his claim until the close of the litigation, and that, if defeated, he might prove his claim after the expiration of the year because the claim was being liquidated by litigation within the meaning of section 57n. To the same effect, see Re Landis (D. C.) 156 Fed. 318; Re Lange (D. C.) 170 Fed. 114; Re Keyes (D. C.) 160 Fed. 763; Re Clark (D. C.) 176 Fed. 955, 960. It would seem to be a harsh conclusion that Mrs. Ainslee should be deprived of any recourse to the general assets because she had adhered tenaciously to her rights under the mortgage. It is urged that many of the cases cited involve unlawful preferences. We can see no difference in the principle whether the lien of the mortgage fails for one reason or another. When it is swept away by the mandate of the courts, the creditor for the first time needs to assert a claim as a general creditor. To determine this question the courts are resorted to, and the result may justly be considered a liquidation.

For these reasons, the findings and conclusions of the referee must be affirmed; and it is so ordered.