In re KELLER.

In re MILAN GARAGE & SALES CO.

(District Court, E. D. Michigan, S. D.    April, 1918.)

No. 3429.

1. BANKRUPTCY ⊙〜311(2)—PREFERENTIAL PAYMENTS—WHAT CONSTITUTES.
    Where it did not appear that the bankrupt was insolvent when he bought out his copartner or that the firm was ever insolvent, a claim for loans to the bankrupt for that purpose cannot be rejected, on the ground that payments by the bankrupt to his copartner were preferential.

2. BANKRUPTCY ⊙〜333—CLAIMS—"CLAIM FOUNDED ON WRITTEN INSTRUMENT."
    Where claimant, who made loans to the bankrupt, made same by check, the items cannot be deemed founded on an instrument in writing, so as to necessitate the checks being set out with the proof of claim, as required by Bankr. Act, § 57b (Comp. St. 1916, § 9641), in cases where the claim is founded on a written instrument.

⊙〜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **BANKRUPTCY** ☞333—**CLAIMS**—**FILING OF WRITTEN INSTRUMENT.**

Where the note of a bankrupt, indorsed by claimant, was duly filed by the payee with his proof of claim, but payments made by claimant were indorsed thereon, the note must be deemed filed on behalf of both payee and claimant, within Bankr. Act, § 57b (Comp. St. 1916, § 9641), so as to enable claimant also to make proof of his claim based on the note.

4. **BANKRUPTCY** ☞333—**PROOF OF CLAIM**—**SUFFICIENCY.**

Where rent was due from bankrupt to claimant, the lease, being in writing, should be filed with the proof of claim, in accordance with Bankr. Act, § 57b (Comp. St. 1916, § 9641), or the loss or destruction of the instrument explained.

5. **BANKRUPTCY** ☞336—**CLAIMS**—**AMENDMENT.**

Where a properly verified claim was filed by claimant within the statutory period, he is entitled to amend it, so as to correct his omission to file a written instrument on which claim was based.

In Bankruptcy. In the matter of Herman J. Keller, doing business as the Milan Garage & Sales Company, bankrupt. On petition by the trustee to review an order of the referee allowing the claim of one Herman D. Keller. Remanded for further proceedings in conformity with the opinion, with directions that, on certain amendment of claim, the order should be affirmed.

Fred A. Heidenrich, of Detroit, Mich., for petitioner.
Christie, Yokom & Martz, of Detroit, Mich., for claimant.

TUTTLE, District Judge. This is a petition to review an order of the referee in bankruptcy, overruling objections filed by the trustee of the estate of the bankrupt to the claim of one Herman D. Keller, father of the bankrupt, and refusing to expunge such claim, as requested by such trustee. The order of the referee allowed said claim in full in the sum of $3,615.65, and the trustee has brought the matter before this court by a petition for the review of such order.

At the time of the filing of the voluntary petition in bankruptcy herein, the bankrupt, Herman J. Keller, was engaged in operating an automobile garage and salesroom in Midland, Mich., and was doing business under the name of Milan Garage & Sales Company. Shortly before the date of the filing of such petition this garage had been conducted by the bankrupt and his brother, Frank Keller, as copartners, and a few months before the date mentioned the father of the bankrupt, the creditor whose claim is here involved, had advanced to the bankrupt certain sums to enable the latter to pay debts due from said bankrupt to his said brother, and also to purchase the interest of the latter in such partnership.

There is no testimony in the record tending to show that at the time of the making of any of these advances to the bankrupt the latter was insolvent. Furthermore, the testimony shows that the claimant did not himself purchase the interest of his son, Frank, in this partnership, but that such purchase was made by the bankrupt with funds borrowed by him from his father, the claimant. The testimony taken before the referee and returned to this court also shows that the claimant owned the premises in which the garage in question was conducted, and at and

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for some time prior to the filing of the petition in bankruptcy leased such premises to the bankrupt on a monthly rental. Nearly $1,200 of the claim involved and allowed by the referee consists of rent due and unpaid on this lease at the time of the filing of the petition in bankruptcy. The balance of the claim is for money paid on a certain promissory note, given by the bankrupt and indorsed by claimant, and for loans made by claimant to the bankrupt from time to time.

Claimant filed his proof of claim, which was thereupon allowed. Afterwards the trustee filed a petition with the referee, asking that the allowance of said claim be reconsidered, and the different items thereof rejected and expunged, for reasons which will be considered presently. A hearing was held on this petition, the claimant and the trustee giving testimony, which was taken stenographically, and typewritten transcript of which is attached to the return of the referee. All of the objections of the trustee were overruled, the petition to expunge was denied, and the claim was again allowed in full. This court is now asked to review the decision of the referee.

Three objections are urged against the allowance of this claim:

[1] 1. The objections to the items based on the payments by claimant to the former partner of the bankrupt are as follows:

"The item of $200 (purchase money for interest of Frank Keller) is not a provable debt against this estate, he (Frank J. Keller) being a member of the partnership previous to the filing of the petition in bankruptcy of Herman J. Keller, and said estate being insolvent at the time of the dissolution and during this period, and for the further reason that it is an antecedent debt and a preferential payment.

"Item of $360 (wages paid Frank Keller) is an antecedent debt, and therefore preferential. Objected to for the further reason that the claimant is the inter alias for Frank Keller, he being a member of the partnership previous to the dissolution in bankruptcy by Herman J. Keller and while this estate was insolvent. Cannot prove a claim for labor and materials contributed to his own bankrupt estate, or to this estate."

I have carefully read all of the testimony, and agree with the referee that there is no evidence tending to support the contention that the bankrupt was insolvent at the time of the making of any of these payments. Nor does it appear that the partnership was at any time insolvent. It cannot, therefore, be said that any preference is involved in this connection. It is clear from the testimony that the sums paid by claimant to the former partner of the bankrupt were charged to the bankrupt, and were simply loans made to the bankrupt for the purpose of enabling him to pay indebtedness due from him to his brother. The claimant was examined at some length by counsel for the trustee, but no facts or circumstances showing fraud, or from which any fraud could be properly inferred, appeared. This objection is clearly untenable. This applies also to the similar objection to one of the other items of the claim to the effect that it involved a preference.

2. A number of the items are objected to as being too indefinite. While, perhaps, the proof of claim is not as definite and specific in some respects as might be desired, yet, as already stated, the claimant was examined and cross-examined in open court in regard to all of these items, and the trustee had ample opportunity to inform himself

concerning them. The referee, having the benefit of observing the claimant and hearing his testimony, was satisfied as to the truth of his statements and the correctness of his claims, and I am not disposed to disturb his findings in that regard.

[2, 3] 3. It is further insisted that nearly all of the items in the proof of claim are founded upon instruments in writing, and it is urged that, as none of such instruments were filed with such proof of claim, and no statement of their loss or destruction was filed, as required by section 57b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 [Comp. St. 1916, § 9641]), such items were improperly allowed. As to all of these items, excepting those based on rent due, I agree with the referee that it does not appear that they were founded upon any instrument of writing. While claimant testified that most of such items were paid by check, they cannot for that reason be properly said to be "founded upon an instrument of writing." The written instrument connected with them was merely the medium of their payment to the bankrupt, and it was not until they were received by him as loans that the obligation of the bankrupt to repay them arose. It is true that these checks, if properly identified, would constitute evidence of such payments; but the claim of this creditor is not in any real sense founded upon such instruments, but may be proved without their production and regardless of their existence. This contention is plainly without merit. This applies, also, to the note of the bankrupt indorsed by the claimant, payments on which to the payee therein are included in the proof of claim. Furthermore, such note was duly filed in the cause in connection with the proof of claim of such payee, and the payments made by claimant were found to be indorsed thereon. As this note could not be filed by both the payee and the indorser, it must be held to have been filed on behalf of both of them within the meaning of the statutory provision applicable.

[4, 5] What has just been said, however, does not apply to the claim for rent due and payable on the lease from the claimant to the bankrupt. While the proof of claim did not mention such lease, it appeared from the testimony of the claimant that such rent was due on a written lease. It is therefore plain that this portion of the claim is founded upon an instrument of writing. Such instrument, however, was not filed or produced, nor was a verified statement of its loss or destruction filed with the claim. Section 57b of the Bankruptcy Act, already referred to, is as follows:

"Whenever a claim is founded upon an instrument of writing, such instrument, unless lost or destroyed, shall be filed with the proof of claim. If such instrument is lost or destroyed, a statement of such fact and of the circumstances of such loss or destruction shall be filed under oath with the claim. After the claim is allowed or disallowed, such instrument may be withdrawn by permission of the court, upon leaving a copy thereof on file with the claim."

The provisions of this section are clear, positive, and mandatory, and, in my opinion, must be strictly followed. To entitle a claim to payment out of the bankrupt estate, it must first be proved and then allowed. Moreover, it seems apparent that the proof of any such claim

252 F.—60

must be made in accordance with the requirements of the Bankruptcy Act. I know of no other method of making such proof, and none has been suggested by counsel. As was pointed out in the case of In re Hudson Porcelain Co. (D. C.) 225 Fed. 325:

"Claims which do not comply with the requirements of the statute are not 'duly proved.' They are not, therefore, entitled to allowance."

While perhaps in the present case, in view of the positive character of the testimony on this point, this objection is somewhat technical, the trustee seems to be within his rights in making it. As, however, a properly verified claim was filed by claimant within the statutory period, he is entitled to now amend such claim, if he so desires. Buckingham v. Estes, 128 Fed. 584, 63 C. C. A. 20; In re Standard Telephone & Electric Co. (D. C.) 186 Fed. 586.

The matter will be remanded to the referee for further proceedings in conformity with the terms of this opinion. Upon the amendment, within a reasonable time, to be fixed by the referee, of the proof of claim, so as to comply with the requirements of section 57 of the Bankruptcy Act, the order allowing the claim in full will stand affirmed.