## In re KESSLER et al.

(Circuit Court of Appeals, Second Circuit. December 12, 1910.)

### No. 69.

1. BANKRUPTCY (§ 336*)—PROOF OF CLAIM—AMENDMENT—DISCRETION.

A proof of claim in bankruptcy, which is defective in some formal particular, may be amended either before or after the expiration of a year after adjudication, though the effect of the amendment is that proof of claim is thereby effectively made only after the year limited by Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 523; Dec. Dig. § 336.*]

2. BANKRUPTCY (§ 336*)—CLAIMS—AMENDMENTS.

Claimants, who were Paris creditors of bankrupts, on being informed of their assignment for the benefit of creditors, promptly sent to the assignee an account of their claims, showing the details of their transactions with the bankrupts, and the balance due them. It was defective, however, as a claim provable in bankruptcy, in that it contained no reference to security, and was not verified, or in the prescribed form. On institution of bankruptcy proceedings, the assignee turned over the claim and the accompanying letter explaining it to the receiver in bankruptcy. Thereafter it remained in his possession as receiver and trustee. Shortly thereafter an attorney, at the request of claimants' representatives, called on the receiver and was informed by him that the claim was "all right." Held, that the claim as filed contained enough to authorize an amendment of its defects, even after the year provided for the proof of claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 523; Dec. Dig. § 336.*]

3. BANKRUPTCY (§ 336*)—CLAIMS—AMENDMENT—LACHES.

Claimants under such circumstances were neither negligent nor guilty of laches in not moving to amend until after the year had elapsed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 523; Dec. Dig. § 336.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of Alfred Kessler and others, composing the firm of Kessler & Co. From an order of the District Court (176 Fed. 647), affirming an order of the referee declining to allow Heine & Co., Paris creditors, to amend their proof of claim, and disallowing their claim against the estate, they appeal. Order reversed, and cause remanded with instructions to allow the amendment.

See, also, 180 Fed. 979.

Leo Oppenheimer, for appellants.

G. H. Gilman, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. On October 30, 1907, the firm of Kessler & Co. made an assignment for the benefit of creditors to William Williams, who next day sent out a printed circular to the creditors. Heine & Co., bankers in Paris, received a copy, and promptly on such receipt sent (November 12, 1907) to Williams' assignee an account in detail of their transactions with Kessler & Co. showing a balance ow-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing to Heine & Co. The account was accompanied with a letter stating that it was an extract of account of the firm, showing a debit balance of 140,720 francs, and adding that Heidelbach, Ickelheimer & Co., of New York, were authorized to represent Heine & Co. in this matter. There was no verification under oath nor any statement of consideration (except, perhaps, inferentially), nor any statement whether any securities were held as collateral therefor.

On November 8, 1907, petition in bankruptcy was filed, and on November 11th a receiver was appointed, who on Decemer 30, 1907, was elected trustee. The books and records of the bankrupts, including the letter and account received from Heine & Co., were turned over by Williams to the receiver, and have since remained in his possession as receiver or as trustee. Shortly thereafter, and about November 30, 1907, Mr. Delos McCurdy, a member of the bar, at the request of Heidelbach, Ickelheimer & Co., called on the receiver and asked him if he had received from the assignee a claim of Heine & Co. in Paris against the bankrupt estate. The receiver stated that the papers that had come over were still in confusion, but that if he would come in a day or two afterwards he would tell him accurately about it. A day or two afterwards Mr. McCurdy called again and asked the receiver if that claim was received from the assignee. He said it was. Mr. McCurdy asked him if it was all right, and he said it was. The witness says:

"He asked some person there with respect to the matter, and the person made the reply, and he turned to me and said, 'It is all right.'"

It may fairly be presumed that Heidelbach, Ickelheimer & Co. communicated the result of Mr. McCurdy's interview to Heine & Co. It would seem from statements in one of their letters that subsequently they received from time to time communications emanating from the District Court, Southern District of New York. There seems no reason to doubt that they, in good faith, supposed that they had duly filed a proper claim, until they were advised by the trustee, in the summer of 1909, that no claim filed by them was found upon the list. The trustee had sent out a circular to "all creditors and parties in interest, in September, 1908, asking them to examine and see if their claims were filed with the referee."

It was held by the Supreme Court in J. B. Orcutt Company v. Green, 204 U. S. 96, 27 Sup. Ct. 195, 51 L. Ed. 390, that presentation and delivery of claims to the trustee is sufficient:

"Having been received by the trustee, under authority of law, the proofs of debt are thereby sufficiently filed so far as creditors are concerned, and it is the duty of the trustee to deliver them to the referee. If the trustee inadvertently neglects to perform that duty, it is the neglect of an officer of the court, and the creditors are in no way responsible therefor."

The referee correctly says that:

"The question here is whether the court has the power and right to grant the creditors the relief they ask."

It would be harsh and inequitable to refuse them relief upon the statement of facts above recited, if there were power to grant it. It is not disputed that the papers sent to the assignee, and by him turned

over to the receiver, do not comply with the requirements of the statute; but it has been repeatedly held that "a proof of claim" which is defective in some substantial particular may be amended, and that such amendment may be made subsequent to the expiration of one year after adjudication, although the effect of such amendment may be that "proof of claim" is thereby effectively made only after the year limited by section 57n (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]). The great liberality of the courts in that regard is shown by an analysis of some of the decided cases. In Hutchinson v. Otis (1st Circuit) 8 Am. Bankr. Rep. 382, 115 Fed. 937, 53 C. C. A. 419, there had been filed within the year "a proof which failed, in very substantial particulars" to comply with the general orders. Subsequently, after expiration of the year, the creditors were allowed to file a substituted proof of claim. This course was approved, the court saying:

"Courts of bankruptcy, like courts of admiralty, permit amendments with a most liberal hand; and as there was enough in the original proof by which to amend, and as the District Court thought it was equitable to allow the amendment, the appeal cannot be maintained."

This decision was affirmed in the Supreme Court. Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179. In a cause before this court (In re Roeber, 127 Fed. 122, 62 C. C. A. 122), the District Judge had, subsequent to the year, allowed an alleged proof of claim to be amended. It was inartificially drawn, but contained averments that there was due and owing to creditors a stated sum, for materials furnished to the bankrupt in the erection of a building, and that a certain sum of money was security therefor. It was not signed by the creditor, nor was it verified, nor did it contain any statement of payments. The amendment supplied these defects, and we affirmed the District Judge, saying:

"Bankruptcy courts have the usual powers of courts of justice, upon motion and for good cause, to allow amendments. All parties were advised of the claim within the year. There is no dispute that the amount claimed is justly owing from the bankrupt. The amendment was in furtherance of justice, and within a legitimate exercise of the power of amendment."

See, also, Bennett v. American Credit Indemnity Company, 159 Fed. 624, 86 C. C. A. 614.

We do not understand that the District Judge refused to allow the amendment as an exercise of discretion, but did so because he was not satisfied that the testimony showed that there had been filed within the year a written statement which contained "enough by which to amend." The account and letter sent by Heine & Co., showed the details of transactions with Kessler & Co., and that the result of those transactions was that the latter firm was indebted to the former in a stated sum. We do not concur with the conclusion that it did not contain in writing any indication that it is a claim against the bankrupt estate. It was not sent until after assignment, and was expressly sent, not to Kessler & Co., but to the assignee as a claim against their estate. It did not contain any statement in reference to security, nor was it verified, nor was it in the form prescribed; but it certainly notified the assignee and—when it was by him turned over to the

receiver—notified the latter that Heine & Co. claimed that the estate of Kessler & Co. owed the stated sum of money as a result of trans-. actions therein set forth.

As to what took place at the interview between Mr. McCurdy and the receiver, we do not understand that it is contended that what took place then estops the receiver and trustee from disputing the sufficiency as a proof of claim of the original papers to which his attention was then called; but it does show that on November 30, 1907 (or thereabouts), he had in his possession a claim of some sort, inartificially drawn, to which his attention was specifically directed by a messenger from Heine & Co., and which, under J. B. Orcutt & Co. v. Green, supra, he should thereafter have transmitted to the referee to pass upon its sufficiency. Moreover in view of what took place at the interview, it cannot, we think, be contended that Heine & Co. were negligent, or guilty of any laches, in not moving to amend until after the year had elapsed.

The order is reversed, and cause remitted, with instructions to allow the amendment prayed for.