### In re HAMILTON AUTOMOBILE CO.

### KIMBALL & CO. v. JOHNSON.

(Circuit Court of Appeals, Seventh Circuit. October 7, 1913.)

#### No. 1,989.

**1.** BANKRUPTCY (§ 311*)—PREFERENCES—SURRENDER—PROOF OF CLAIM.

Bankrupt's trustee having objected to petitioner's claim, alleging that petitioner had received a preference on its original account consisting of an automobile valued at $1,500 and an open account in favor of the bankrupt against M. for $1,300, and petitioner having refused to surrender the preference, its claim was disallowed. After confirmation the trustee sued to recover the preference of $1,500 which amount the petitioner paid with costs. No action was ever brought by the trustee to recover the claim against M., but petitioner thereafter tendered the M. claim, alleging that it was uncollectible, and prayed leave to amend its claim already filed by adding thereto the sum of $1,500 paid on the judgment. *Held*, that petitioner occupied the position of a creditor who had received and surrendered a preference and was not barred from such relief by reason of its failure to account for the preferences at an earlier date, neither the trustee nor the creditor having been prejudiced by the delay.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 497–500; Dec. Dig. § 311.*]

**2.** BANKRUPTCY (§ 311*)—CLAIMS—DISALLOWANCE—VACATION OF ORDER.

Where after a claim against a bankrupt's estate had been disallowed because of an alleged preference received by the creditor, the trustee recovered the preference, whereupon the referee permitted an amendment and proof of the creditor's claim, such action constituted a vacation of the former order disallowing the claim as it had been presented, which the referee was authorized to do by Bankr. Act July 1, 1898, c. 541, § 2, cl. 2, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420), conferring jurisdiction on bankruptcy courts with reference to claims, and section 57g, 30 Stat. 559 (U. S. Comp. St. 1901, p. 3443), as amended by Act Feb. 5, 1903, c. 487, § 12, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1504), and General Order 96, cl. 6, giving to a referee the power to reopen a ruling on claims; the court, so long as the bankrupt's estate is pending and unsettled, having jurisdiction to modify its rulings and conform to the rights of the parties.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 497–500; Dec. Dig. § 311.*]

**3.** BANKRUPTCY (§ 328*)—CLAIMS—FILING—TIME—AMENDMENT.

Where a claim against a bankrupt's estate was filed within a year after adjudication and disallowed because of an alleged preference which the creditor thereafter surrendered, so that it appeared that justice required that the claim be amended and allowed for a larger amount than the claim when first presented, but for the same claim and subject-matter, an amendment increasing the amount of the claim and refiling the same was not barred by the one-year limitation for proving claims specified by Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 559 (U. S. Comp. St. 1901, p. 3443), as amended by Act Feb. 5, 1903, c. 487, § 12, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1504).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

In the matter of bankruptcy proceedings of the Hamilton Automobile Company. From an order dismissing an amended petition of C.

P. Kimball & Co. to amend and prove its claim against the bankrupt's estate, to which E. H. Johnson, trustee, objected, the claimant appeals. Reversed, with directions to confirm the referee's report and allow the claim.

See, also, 198 Fed. 856, 117 C. C. A. 135.

On March 12, 1908, appellant filed its claim before the referee in Re Hamilton Automobile Company, a bankrupt, for $1,782.58. Thereafter the trustee filed his objections to the allowance thereof, and such further action was had that the referee found that appellant had received a preference upon its original account, consisting of a Lozier automobile valued at $1,500 and an open account in favor of bankrupt against Levy Mayer in the sum of $1,300. Upon the refusal of appellant to surrender its said alleged preference, the referee disallowed its said claim, on December 16, 1908. Appellant then filed a petition to review. Upon the hearing thereof, the District Court confirmed the referee's action in the premises, Thereupon the trustee brought suit and recovered judgment against appellant for said preference of $1,500, which amount, with costs, was duly paid by the trustee. No action was brought by the trustee to recover for said alleged claim against Levy Mayer.

On June 28, 1912, appellant filed with the referee its petition setting out the previous disallowance of its claim by the referee because of said preferences; that, on judgment rendered against it therefor, it had paid to the trustee said sum of $1,500 and costs, which had appeared as a credit upon its original claim; and that no action had been taken as to said Mayer claim because it was worthless, said Mayer having a good defense thereto. Appellant in said petition tenders to the trustee said Mayer claim, alleging that it has collected nothing thereon and prays leave to amend its claim already filed and disallowed, by adding thereto the said sum of $1,500 so paid by it on said judgment—making a total amount claimed of $3,282.58. Said petition then prays that it may stand as such amendment and that said amended claim be allowed and that it be paid its dividend thereon. To this petition the trustee interposed a demurrer, which the referee overruled. Thereupon the referee allowed said claim for said sum of $3,282.58, which action the trustee took to the District Court on petition to review. That court set aside the order of the referee and sustained the demurrer and dismissed said amended petition of appellant for want of equity, from which order this appeal is taken, appellant having elected to stand by its demurrer. The errors assigned are the order of the court vacating the order of the referee, sustaining said demurrer, and dismissing said amended petition for want of equity.

Edward B. Esher and Elmer H. Adams, of Chicago, Ill. (James Rosenthal and Francis J. Houlihan, both of Chicago, Ill., of counsel), for appellant.

Frederick D. Silber, Martin J. Isaacs, Clarence J. Silber, and James D. Woley, all of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). Appellee raises the following objections to the relief herein prayed by appellant, viz.:

1. The insufficiency of the amended petition;

2. The inclusion by the referee of the claim against Mayer as among those constituting the preference, thereby showing it to be of value and not surrendered as provided by statute.

3. The bar of the first order disallowing appellant's claim.

4. The bar of the one-year limitation of section 57n.

[1] Unless weight be given to said objections 2, 3, and 4, no reason is perceived why the petition is insufficient. Under the decisions

of the Supreme Court in Keppel, Trustee, etc., v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, and Page v. Rogers, Trustee, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332, appellant stands in the position of a creditor who has received and surrendered a preference.

We are not impressed with the argument that, by reason of its failure to account for the claim against Levy Mayer at an earlier date, it has failed to surrender completely the preference charged. The appellant charges in its verified amended petition that said claim is valueless because said Mayer had a perfect defense thereto, and that, if such were not the case, said claim was as good and collectible at the time it was tendered to the trustee as when assigned to appellant. The bankruptcy act deals with matter of substance and the mere preferential transfer of a worthless claim does not come within the meaning of the act. The trustee was not, nor were the creditors, in any way prejudiced by the action of appellant with reference to said claim. Nor do we find, in the recital of the referee enumerating said claim as a part of the preference obtained by appellant, any authority for holding that it was of any value. It was not followed up by the trustee, and was evidently not worth the trouble. Moreover, there was ample time in which he could have brought suit to recover the amount it called for, after it was tendered back to him. It is plain from the record that appellant surrendered all the advantage it had received from the preference.

[2] The action of the referee in allowing appellant's claim after the surrender of the preference had the effect of undoing his former order disallowing said claim as it was then presented, but came clearly within the powers conferred by the act. Clause 2 of section 2 of chapter 2 of the bankruptcy act authorizes District Courts of the United States to "allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates." Subject to revision by the District Court, the referee is authorized to perform these acts. Section 57g reads:

"The claims of creditors who have received preferences, voidable under section sixty, subdivision b, or to whom conveyances, transfers, assignments, or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given, shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or incumbrances." Act July 1, 1898, c. 541, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443) as amended by Act Feb. 5, 1903, c. 487, § 12, 32 Stat. 799 (U. S. Comp. St. Supp. 1911, p. 1504).

Subdivision k of said section 57 provides that:

"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

General Order 96, cl. 6, gives the referee, on petition filed by any' creditor or the trustee, power to reopen, and, "if the claim ought to be expunged or diminished," to order it expunged or diminished. Thus the spirit of the act, as well as the express declaration of section 2 of chapter 2 thereof, seems to be that the court retains control of all of the proceedings whenever necessary to effect the purpose

thereof. We are of the opinion that, so long as the bankrupt's estate is pending in the court and unsettled, the court has, under the bankruptcy act, and especially under section 2 of chapter 2 thereof, power over its orders and records as to the disposition of claims, to modify the same to conform to the rights of parties, and that therefore the referee was not, in the present case, estopped from permitting said amendment and the allowance of the claim in accordance with the prayer of the amended petition, by his former order· disallowing the claim as then presented.

[3] It is urged that the one-year limitation for proving claims against a bankrupt's estate barred the right of appellant to have the amended claim proved up. We are of the opinion that section 57n does not apply in the present case. The claim had been filed within the year. By reason of further proceedings it became apparent that justice required it should be amended and allowed for a larger amount than that claimed when it was first presented, but for the same claim or subject-matter. This situation seems to have been clearly covered by the act, which has been construed in this respect by the Supreme and other federal courts. In Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179, the court had before it a case in which a creditor had obtained attachments against one who was within four· months thereafter declared a bankrupt, and had attached debts, which, upon entry of judgments, were paid over to the attaching creditor, who then satisfied the judgments, guaranteeing the garnishees against loss. The trustee in bankruptcy demanded payment of the debts from the garnishees, whereupon the creditor, who had collected them and guaranteed the garnishees against loss, paid the amounts over to the trustee. The court held that the action of the trustee undid the satisfaction of record of the creditor's judgments and that the same were not a bar which would prevent the creditor from proving its claim against the estate in the hands of the trustee. The court says :

"The proof of debt originally filed is admitted to have been defective. A substituted proof was filed by consent of the trustee more than a year after the adjudication, the facts having been agreed in the meantime and an appeal taken. It is argued that the allowance of the amendment is within section 57n, forbidding proofs subsequent to one year after the adjudication, etc. The construction contended for is too narrow. The claim upon which the original proof was made is the same as that ultimately proved. The clause ·relied upon cannot be taken to exclude amendments."

To the same effect are In re Kessler, 184 Fed. 51, 107 C. C. A. 13, Powell v. Leavitt, 150 Fed. 91, 80 C. C. A. 43, and Bennett v. American Indemnity Credit Co., 159 Fed. 624, 86 C. C. A. 614.

We are therefore of the opinion that the referee was right in allowing appellant to amend its said claim after the expiration of the year from the date of adjudication, and in allowing the same as amended. The judgment of the District Court disallowing said amended claim is reversed, with direction to that court to confirm the referee's report and allow said claim.