**In re BRILL.**

No. 48600.

District Court, S. D. New York.

Jan. 10, 1931.

Blau, Perlman & Polakoff, of New York City, for Irving Trust Co.

Goldman & Frier, of New York City, for Weinstrum Watch Co.

CAFFEY, District Judge.

There is no complaint of the form or contents of the proof of debt. Apparently it is agreed that it complies with the requirements of section 57a of the Bankruptcy Act (11 USCA § 93(a), and General Order 21 (11 USCA § 53). The controversy is as to whether it was filed within the six months' period prescribed by section 57n of the Bankruptcy Act, as amended by section 13 of the Act of May 27, 1926, c. 406 (44 Stat. 666, 11 USCA § 93(n), that expired on September 19, 1930.

Previous to the institution of the bankruptcy proceeding the bankrupt made a general assignment. During administration by the assignee in the state court, a claim for the debt was filed with the assignee. This was returned to the claimant because unaccompanied by a note. On September 10 a new claim, with the note attached, was delivered to the assignee. Before that date, this court, in the course of the bankruptcy proceeding, approved a sale of the bankrupt's property by the assignee, who was directed to close the transaction and turn over the fruits of the sale to the bankrupt estate.

In his opinion the referee uses October 1 as the date when the claim was first brought to his attention. The earliest date which any phase of the .evidence would support is September 21 (two days subsequent to the last day of the six months period). There is no showing of an attempt even to file it with the clerk or with the receiver or with the trustee prior to September 21.

For the purpose of the present inquiry it will be assumed that: (1) The proof of debt is in proper form; (2) it was lodged with the assignee preceding September 19; (3) it was lodged with the referee on September 21; (4) it has never been delivered to any other representative of this court or of the estate.

A motion was made before the referee for leave to file the claim nunc pro tunc as of September 10, the day it was received by the assignee. That was granted. This is the action now under review.

If there be discretion to treat the claim as seasonably presented, it should be exercised favorably to the creditor. The sole question is whether the court has power to do so.

Section 57n does not itself say anything with respect to filing. It provides that "claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication." This is a statute of limitations. It is even more. It is a prohibition. It is peremptory. In re Baker's Baking Co. (D. C.) 285 F. 652, 653.

Section 57c (11 USCA § 93(c) provides as follows: "Claims after being proved may, for the purpose of allowance, be filed by the claimants in the court where the proceedings are pending or before the referee if the case has been referred."

The plain implication of this seems to be that the claimant had a choice between two alternatives, and two only, as to the place at which his proof of debt could be filed. These were (1) the office of the clerk of this court, where the bankruptcy proceeding is pending, or (2) with the referee, to whom the case had been referred.

The interpretation of the statute, however, does not rest on implication merely. It has been settled by the Supreme Court in General Order 20 (11 USCA § 53). That order is valid. J. B. Orcutt Co. v. Green, 204 U. S. 96, 27 S. Ct. 195, 51 L. Ed. 390. It provides that: "Proofs of claims and other papers filed subsequently to the reference, except such as call for action by the judge, may be filed either with the referee or with the clerk."

The Bankruptcy Act deals with both *filing* and *proving*. The precise line of demarcation is possibly somewhat vague. It was perhaps on this account, and certainly in the interest of clarity, that the Supreme Court made General Order 20. It is to be noted also that filing means manual delivery. In re Gubelman (C. C. A.) 10 F.(2d) 926, 929.

Inasmuch as the claimant did not, by September 19, file his proof of claim either with the referee or with the clerk, he was indisputably too late unless he did something else which is the equivalent of filing with the referee or with the clerk. As already said, the only thing he did, so far as disclosed by the papers, was to send the proof of debt to the state court assignee. Was that enough?

General Order 21 provides that "proofs of debt received by any trustee shall be delivered to the referee to whom the cause is referred." As a consequence of this duty being imposed on the trustee and of the trustee being an officer of the court, it was held in the Orcutt Case, supra, that timely filing with him saves from the bar of the statute of limitations on the subject. In other words, the effect of the order, as construed by the Supreme Court, is to attribute to delivering to the trustee the same force as delivering to the referee. Rule 21, however, does not help the claimant. This is so because, as already pointed out, the proof of debt did not reach the trustee by September 19. Moreover, in so far as I can see, the Orcutt Case has no bearing on the issue with which we are dealing.

 It seems to me plain that no filing is of avail unless it be with the clerk or with the referee. If a claim be defective in form when it reaches the clerk or the referee, there is ample discretion to allow its correction. But when there was no previous filing with a prescribed repository, the failure is fatal. There is nothing to amend. The fault is unforgivable. A fact which never existed cannot be created. The court decisions bear out this view, or at least contain nothing, so far as I have discovered, which is to the contrary.

In Bennett v. American Credit Indemnity Co. (C. C. A.) 159 F. 624, at page 628, it was held that filing with the bankruptcy receiver is not enough. In 2 Remington, § 889, the contrary is stated. In Lathrop, Haskins & Co. (C. C. A.) 197 F. 164, it was held that handing a proof of debt to an employee of the trustee, away from the latter's office, is not sufficient.

In numerous cases it has been held that recitation of the substance of the claim on the records of the court in which the bankruptcy proceeding is pending tolls the statute. The method by which this is done is immaterial. Illustrations are: (1) In re Roeber (C. C. A.) 127 F. 122, where an attorney for a creditor had signed and filed in the court an informal and unverified statement of what the claim consisted of; (2) In re Coleman & Titus Corporation (D. C.) 286 F. 303, where the creditor appeared by attorney and participated in creditors' meetings, as well as in a suit by the trustee against himself, and all parties assumed that the claim had been formally filed; (3) In re Fant (D. C.) 21 F. (2d) 182, 185, where the claimant was the petitioning creditor and, through its attorney, aided the trustee in State court litigation and in which, as the court said, "the record in the bankruptcy case plainly shows the existence of a claim of the bank [claimant] against the estate of the bankrupt"; (4) In re Atlantic, Gulf & Pacific S. S. Corporation (D. C.) 26 F.(2d) 751, where the claimant filed in the bankruptcy proceeding a petition describing its claim against the bankrupt and seeking enforcement of a lien therefor, part of which was allowed and part of which was denied; (5) Scottsville Nat. Bank v. Gilmer (C. C. A.) 37 F.(2d) 227, where the claim was scheduled and it further appeared from correspondence between the trustee and the creditor that the former recognized that the latter had a claim.

In each instance mentioned it is clear that (or at least relief was granted on the assumption that), within the meaning of section 57c and General Order 20, the claim had actually been filed in court. There was no problem about the date. In determining whether what was sufficient in contents, though defective in form, was barred by limitations, it was uniformly held that timely filing was accomplished by putting the substance on the court records before the end of the statutory period prescribed by section 57n of the act. From the standpoint of place or official for effective filing, these cases were no more than holding that the variety of methods adopted put the claims in the hands of the clerk.

 To summarize the matter: On the one hand, if the court be informed by its own files of the existence, nature, and amount of a claim, then however defective may be the form in which the information is given, there is no bar; at least, the statute of limitations does not prevent the claim being entertained by the court if, in its discretion, it shall permit the proof of debt to be amended so as to meet the requirements as to form. On the other hand, it seems equally well settled that, unless a proof of debt be filed either with the clerk or with the referee or with the trustee for delivery to the referee, or unless in some other manner the substance be made affirma-

tively to appear on the court records in the bankruptcy proceeding, then the court is prohibited by the Bankruptcy Act from allowing the claim. Whatever the circumstances or whatever the manner in which it is proposed to shape the claim or whatever the procedure, the statute of limitations is a bar. Amendment is limited to curing defects of form. The device of amendment cannot be employed to shift back the date of filing. There is no power to do so. In re Lago (D. C.) 38 F.(2d) 887.

At the oral argument it was urged that approval by this court of the sale by the assignee in the state court of the bankrupt's assets was a sort of adoption of the assignee by this court as one of its officials. I see no merit in the contention. Apart from the fact that he is not an official, and the lack of authority in this court to add to or subtract from the offices connected with the court, it is enough that the assignee does not come within any class mentioned in the bankruptcy law or in the general orders as constituting repositories for filing proofs of debt. Manifestly also what was contained in the state court records in the general assignment case is not a part of the records of this court and is immaterial.

Here there was no mention whatever of the claim in this court's record of the instant bankruptcy proceeding. There is no basis therefore for deeming it filed. Accordingly, I see no way in which it is permissible for the court to give the claimant relief.

Referee's order reversed.