922

Walter H. Anderson, of Pocatello, Idaho, for creditor Joseph M. Murphy.

Hollister & Cunningham, of Omaha, Neb., for petitioner Abigail Manning.

CAVANAH, District Judge.

This matter is now before the court on the motion of Joseph M. Murphy, a creditor, for a reconsideration of the order of the court entered September 28, 1933, whereby Abigail Manning was permitted to file her claim after the time for filing claims had expired, upon the ground that there is no reason in law why the claim was not filed within time, and no evidence that the claim came into the hands of Thomas B. Hargis, the attorney for the bankrupt.

On September 28, 1933, the claimant petitioned for an order allowing her to file her claim as of a date within the six-month period required by law and annexed thereto her affidavit stating that the bankrupt was indebted to her in the sum of $2,351.24 due upon certain promissory notes; that she mailed the notes with proof of claim to the bankrupt after the adjudication, who delivered them to Thomas B. Hargis, who was then acting as attorney for the bankrupt; that he neglected to file the same, although he had informed her that it had been filed, and the first knowledge she had that the claim was not filed was on September 24, 1933, after more than six months had elapsed from and after the adjudication in bankruptcy; that the attorney Hargis has removed from Ashton, Idaho, to some unknown place in Oregon.

The objecting creditor contends that to allow the claim to be filed after the expiration of the six-month period would contravene section 57n of the Bankruptcy Act, 11 USCA § 93 (n), which provides that: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication"; and, further, that General Order 21 (11 USCA § 53), provides: "Proofs of debt received by any trustee shall be delivered to the referee to whom the cause is referred."

The provision of the law requiring claims to be filed within six months from date of the adjudication is a statute of limitation and is mandatory and leaves no discretion to the court. In re Brill (D. C.) 52 F.(2d) 636; In re Richmond Hill Electrical Supply Co., Inc. (D. C.) 47 F.(2d) 948; In re R. B. Rose Co., Inc. (D. C.) 43 F.(2d) 446; In re Silk (Cloutman v. Weill et al.) 55 F.(2d) 917 (C. C. A.); In re Ealy et al. (D. C.) 31 F.(2d) 314. Remington on Bankruptcy lays down the rule to be: "Section 57 (n) is an absolute termination of the court's power to allow claims that are not presented until after the expiration of one year." 2 Remington on Bankruptcy, § 872.

The statutes and authorities, without doubt, bar the filing of claims subsequent to six months after adjudication, and the court seems to have no discretion in the matter unless there was a claim filed in time and the filing of an amended claim is requested. We have here a strict provision of the statute and the holdings of the courts generally to the effect that a court of equity cannot ignore the mandatory provision of the statute and its requirements.

The case cited by counsel for petitioner of Scottsville National Bank v. Gilmer (C. C. A.) 37 F.(2d) 227, is where the court considered a request to file an amended claim and not an original one. The law permits the court to allow an amended claim where the facts warrant it in doing so, but not the filing of an original claim after the statutory period has lapsed.

At the time of the entering of the Order of September 28, 1933, allowing the creditor

to file her claim, the court was of the impression that under the facts set forth in the petition and affidavit a court of equity had the power to permit the filing of a claim, although after the period of·six months had expired, but, upon objection now being made by a creditor, and in view of the strict provision of the statute and the authorities cited, it seems that the order heretofore made was without power in the court to do so, and therefore the same must be set aside.

From what has been said the order of the court entered September 28, 1933, allowing the filing of the claim will be vacated.

## McKEESPORT TIN PLATE CO. v. HEINER, Collector of Internal Revenue.

## SAME v. UNITED STATES.

### Nos. 6142, 6143.

District Court, W. D. Pennsylvania.

Oct. 24, 1933.

For former opinion, see 4 F. Supp. 245.

S. Leo Ruslander, George K. Warn, Samuel Kaufman, R. J. Cleary, J. P. Fife, William J. Levy, all of Pittsburgh, Pa., Harry Friedman, of Washington, D. C., and Douglass, Fife & Young, of Pittsburgh, Pa., for plaintiff.

Horatio S. Dumbauld, U. S. Atty., and John A. McCann, Sp. Atty., Bureau of Internal Revenue, both of Pittsburgh, Pa., and E. Barrett Prettyman, Gen. Counsel, and R. P. Hertzog, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendants.

GIBSON, District Judge.

On July 3, 1933, judgment for the defendant was ordered in each of the above cases. Later counsel for the plaintiff moved for a new trial, and the cases have been reargued. Exhaustive briefs have been submitted by counsel, and we have endeavored to carefully review the matters involved.

Counsel for the plaintiff take special exception to the following excerpt from the opinion: "As stated, Congress has given the Commissioner great power in the matter of amortization, and, since originally conferring that power, has taken no action to curb or confine it. For ten years the regulations of the Commissioner have been established, and for that period his interpretations of them have been known. During that period he has applied the regulations in the same manner as in the amortization allowance to the plaintiff. This application of the law has been accepted and followed by the Board of Tax Appeals and by various courts, during the existence of the regulations, as being a correct observance of the statute providing for amortization. Under such circumstances, it is not for this court to undertake to establish a new regulation, or to interpret the existing regulation in another way than that in which it has been construed by its author, and as universally accepted."

It is claimed that the court was mistaken in the allegation that the method of determining amortization adopted by the Commissioner of Internal Revenue in the instant cases was the method regularly adopted by him for the preceding ten years, and accepted by the courts during that period. Counsel point to Senate Report No. 27, 69th Congress, being the report of the Committee on Investigation of the Bureau of Internal Revenue, commonly known as the Couzens Committee. That report shows that the Commissioner, in a rather small percentage of the cases examined by the committee, had used the method claimed by plaintiff; and for these variations from the usual practice the committee has criticized the Commissioner. Counsel for the defendant admit some variations from the present method prior to 1925, but assert that since that year the method has been as in the present cases.

It may be that we were in error in asserting that the Commissioner had consistently followed his instant interpretation of his amortization regulation for ten years. Possibly the period was suggested by the opinion in United States v. Briggs Manufacturing Co. (C. C. A.) 40 F.(2d) 425. The statements therein made accorded with the experience of this court in all prior amortization cases coming under its notice. It may be that the Commissioner within the ten-year period has not followed his present amortization method so consistently as we stated, and has in some instances deviated from it. Whether that be true or not is of little importance, in view of our opinion that he has correctly interpreted and followed his regulation in the instant cases—and to that opinion we still adhere despite the forcible argument of counsel for the plaintiff.

The motion for a new trial will be denied.