In re **HIGH POINT SEATING CO., Inc. et al.**

**SALTSER & WEINSIER, Inc. v. LONDON ART FURNITURE CORPORATION.**

No. 181, Docket 21580.

United States Court of Appeals, Second Circuit.

Argued April 4, 1950.

Decided May 2, 1950.

Levy & Kornblum, Brooklyn, N. Y., Allen Moss, New York City, of counsel, for appellant.

Lewis H. Pomper, New York City, Louis P. Rosenberg, Brooklyn, N. Y., of counsel, for appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Saltser & Weinsier, Inc., filed its petition before Referee Warner of the United States District Court for the Eastern District of New York praying for an order directing the debtor and its assignee, London Art Furniture Corporation, to pay to the petitioner 20% of its claim of $2,213.57 in accordance with an arrangement under Chapter XI of the Bankruptcy Act, 11 U. S.C.A. § 701 et seq., and for any other necessary orders.

Petitions for an arrangement were filed by the above-named debtors, and thereafter an order was made consolidating their various assets as the assets of High Point Seating Co., Inc. and providing that all claims filed against any of them be deemed filed in the proceeding as consolidated.

The claimant Saltser & Weinsier, Inc., had sold merchandise to High Point Seating Co., Inc., at the price of $2,213.57, which is the amount of the claim which it asserts herein.

Simonoff, Peyser & Citrin, public accountants, were retained by the debtor pursuant to an order made and entered in this proceeding on March 31, 1947. The accountants addressed a letter to claimant dated April 17, 1947, which is set forth in the margin,[1] requesting that a letter be sent to them stating the indebtedness of the debtor to it. This request was complied with on the day after its receipt by letter showing $2,213.57 as due from the debtor for goods sold and delivered to the latter by Saltser & Weinsier, Inc. On August 22, 1947 the accountants filed their report in the referee's office, setting forth the balance of $2,213.57 as due to Saltser & Weinsier, Inc.

The claimant asserts that it had no knowledge of the debtors' proceeding to effect an arrangement with creditors until June, 1948, when it happened to be told by another creditor that the latter had received a 20% payment from High Point.

Upon inquiry, the claimant received a letter from the debtor Stanley R. Taylor saying: "I suggest that you immediately contact Mr. Max Schwartz, Attorney, 26 Court Street, Brooklyn, New York, who prepared the schedules for me. Your claim should have been entered in the original petition, and if it was left out, it was done so through error. I am sure that you will have no difficulty in establishing your claim because you can prove delivery according to your records, and I, of course, will assist you in any way possible. Mr. Schwartz may have some records in his office."

The amended plan of the debtor had been confirmed on January 23, 1948. The schedules filed by the debtor contained no mention of the petitioner's claim, which was apparently omitted through negligent oversight and not any bad faith. The claimant filed no formal, verified proof of claim until August 5, 1948, some months after confirmation of the arrangement, but in support of its claim relies on the fact that it gave a written statement of claim to the auditors who were acting for the debtor under an order of the court; that the auditors reported this debtor's indebtedness to Saltser & Weinsier, Inc., as $2,-213.57; that the correctness of that amount is apparently not questioned; and that the report containing the statement of the claim was filed in the referee's office.

The arrangement provided that general unsecured creditors of High Point Seating

1. Simonoff, Peyser & Citrin
Certified Public Accountants
11 West 42nd Street
New York 18, N. Y.
Second Request
April 17 1947
In the Matter of
High Point Seating Co., Inc. (formerly Guilford Furniture Corp.) *et al.*
Gentlemen: * * *
We have been retained by the order of the United States District Court in the above mentioned matter to make an examination as of *March 1, 1947* of the books and records of the companies and individuals listed hereinabove.
In this connection, will you kindly submit to us a detail statement of their indebtedness to you, if any, as of *March 1, 1947* indicating the following:

1. The name of the company billed by you.
2. The date of invoice.
3. Invoice number.
4. Amount of each invoice.
5. Credits for returns and allowances.
6. Payments on account, if any, received by you.
7. Collateral, if any, securing your indebtedness.

Your prompt reply will be appreciated. A self-addressed stamped envelope is enclosed herewith for your convenience in mailing the statement requested.
Very truly yours,
Simonoff, Peyser & Citrin
Louis Weiner/sg'd
LW/sa
Encl.

Company, Inc., against which the claimant Saltser & Weinsier, Inc. is asserting its claim, should receive a payment of 20% in cash upon entry of the order confirming the plant of arrangement. An additional payment of 20% was to be made from a portion of the earnings of London Art Furniture Corporation, a successor to the business of the debtors.

Section 367 [2] of the Bankruptcy Act provides:

"Upon confirmation of an arrangement—
*   *   *   *   *   *

"(3) the consideration deposited, if any, shall be distributed and the rights provided by the arrangement shall inure to the creditors affected by the arrangement whose claims are not barred by the provisions of section 354 of this Act, and (a) have been proved prior to the date of confirmation and are allowed, or (b) whether or not proved, have been scheduled by the debtor as fixed liabilities, liquidated in amount, and are not disputed; and

"(4) except as otherwise provided in sections 369 and 370 of this Act, the case shall be dismissed."

Section 369 [3] provides:

"The court shall in any event retain jurisdiction until the final allowance or disallowance of all debts, affected by the arrangement and not barred by the provisions of section 352 of this Act, which—

"(1) have been proved, but not allowed or disallowed, prior to the date of confirmation  *   *   *"

Section 370 [4] provides: "Upon the allowance of any debts specified in paragraphs (1), (2), and (3) of section 369 of this Act, the consideration, if any, deposited for them shall be distributed and the rights provided by the arrangement shall inure to the creditors to whom such debts are owing."

The claim of Saltser & Weinsier, Inc. seems to come within the scope of Section 369(1), supra, as a debt of High Point Seating Company, Inc., which has been "proved, but not allowed or disallowed, prior to the date of confirmation." It was presented to the auditors in writing in April, 1947 and reported by them as an obligation of the debtor in a report filed with the referee on August 2, 1947. The appellee makes a weak contention that it did not become a provable claim under the arrangement because the claimant did not know the kind of proceeding on behalf of creditors contemplated, and because the claim was not properly proved. But unverified written claims of a creditor have been treated by this court as capable of amendment if presented in time. Here, there was a written claim presented to the auditors appointed by the court at the instance of the debtors to collocate the indebtedness of High Point Seating Company, Inc. Upon the basis of this writing the report of the auditors set forth the claim, and the report was filed by them with the referee on August 2, 1947. What difference it can make that the creditor had not learned that a petition for an arrangement was pending under which the debtor was under fiduciary obligations as a debtor in possession rather than under a purely personal obligation we cannot see. In either case the claim was made against the same corporation, whatever might be the nature of the latter's duties, and was made against the estate of the debtor. It would seem technical in the extreme to reject it because of the knowledge or lack of knowledge of the creditor of those duties.

In Re Kessler, 2 Cir., 184 F. 51, 52, we sustained and allowed to be put in formal proof a claim which had been submitted without verification to an assignee for the benefit of creditors under the state law, and was thereafter transmitted by the assignee to a receiver in bankruptcy, and remained in his possession as receiver and thereafter as trustee. Under the above circumstances, this court said, in an opinion by Lacombe, J.:

" *   *   * It is not disputed that the papers sent to the assignee, and by him turned over to the receiver, do not comply

2.  11 U.S.C.A. § 767.

3.  11 U.S.C.A. § 769.

4.  11 U.S.C.A. § 770.

with the requirements of the statute; but it has been repeatedly held that 'a proof of claim' which is defective in some substantial particular may be amended. * * *

" * * * The account and letter sent by [the claimant], showed the details of transactions with Kessler & Co., and that the result of those transactions was that the latter firm was indebted to the former in a stated sum. We do not concur with the conclusion that it did not contain in writing any indication that it is a claim against the bankruptcy estate. It was not sent until after assignment, and was expressly sent, not to Kessler & Co., but to the assignee as a claim against their estate. It did not contain any statement in reference to security, nor was it verified, nor was it in the form prescribed; but it certainly notified the assignee and—when it was by him turned over to the receiver— notified the latter that [the claimant] claimed that the estate of Kessler & Co. owed the stated sum of money as a result of transactions therein set forth." We cannot see that the statement the receiver was said to have made to the claimant that the defectively presented claim was "all right" can distinguish the situation from the one before us, for the receiver had no authority to dispense with the statutory requirements for proof of claims.

In re Lipman, 2 Cir., 65 F.2d 366, we sustained a claim and held it capable of amendment where the creditor did nothing but state in writing that he objected to the offer of composition. Yet his statement was treated as the assertion of a claim which might be perfected after the time to present claims had expired.

Our view that the claimant had asserted his claim and made a proof capable of amendment prior to the confirmation of the arrangement and the deposit of moneys thereunder, seems also to be borne out by the statement in 3 Collier on Bankruptcy (1941 Ed.) relating to Section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93. The author makes the following observations at page 171: " * * * amendments are allowed if enough has been presented to show that a demand is made against the estate and that it is the creditor's intent to hold the estate liable. In accordance with the liberality in permitting amendments, courts have been satisfied with very little that amounted to an original proof of claim. For example, amendments have been allowed where the claim was listed in the bankrupt's schedule and treated by the trustee and creditor as valid; where the claimant had written a letter giving a statement of account to an assignee for the benefit of creditors of the bankrupt, which was later turned over to the bankrupt's receiver; where the landlord-claimant had written to the lessee's trustee in bankruptcy requesting him to pay the taxes as required by the lease; and where an assignment had been filed with the referee within the statutory period for filing proofs of claim."

The arrangement in the case before us [Article III (A) (1) (c)] required the debtor to cause one Nate Robinson "or his designees, which may include the new corporation to be organized" to deposit the sum of $25,000 with the Secretary of the Creditors' Committee. Upon approval of the plan the arrangement provided that the $25,000 was to be "deposited with the Clerk of the Court together with the additional funds required to make possible the confirmation of this plan." It was further provided [Article III (B) (1) (b)]: "The debtors undertake and agree, that the said new corporation, in taking over the property, assets and effects of the debtors in these consolidated proceedings, shall and will assume the performance of this plan of arrangement and shall and will assume any and all arrangements to be made with the priority creditors, secured creditors and general creditors, in order to effectuate and consummate this plan of arrangement."

Under the circumstances the new corporation became liable to pay the percentage necessary to satisfy the debtor's creditors who were entitled to participate in the arrangement. Saltser & Weinsier, Inc. was one of those creditors and its claim— though not scheduled—was sufficiently proved to be perfected through an amendment.

Accordingly, the orders of the District Court and the referee should be reversed,

and the matter remanded with directions to proceed in accordance with the views expressed in the foregoing opinion. In the event that the claim of Saltser & Weinsier, Inc. shall be perfected and allowed, London Art Furniture Corporation should be required to carry out the arrangement in respect to such claim.

Reversed and remanded.