**In the Matter of PAUL R. DEAN CO., INC., Bankrupt.**

No. BK–73–813.

United States District Court, W. D. New York.

Oct. 10, 1978.

---

See also, D.C., 460 F.Supp. 452.

Paul J. Suter, Rochester, N. Y. (C. Bruce Lawrence, Rochester, N. Y., of counsel), for Joseph S. Carges, Trustee in Bankruptcy.

Louis N. Kash, Corp. Counsel, Rochester, N. Y., for city of Rochester (Joseph A. Regan, Rochester, N. Y., of counsel).

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The City of Rochester ("the City") appeals from an order of the bankruptcy court sustaining the objection of the Trustee in bankruptcy to the City's proof of claim.

On June 15, 1976 the City sent to the Hon. Edward D. Hayes, Bankruptcy Judge, what purported to be an amended proof of claim, citing therein as its original proof of claim an April 5, 1973 letter it had written to Justin L. Vigdor, Esq. The letter was written to Vigdor when he was and in his capacity as the state court's assignee for the benefit of creditors for the estate of Paul R. Dean & Company, Inc. ("Dean"). The pertinent portion of the letter states:

> "Pursuant to my conversation yesterday evening with John Keigher, I am forwarding to you a schedule of the securities held by the Paul R. Dean & Company, Inc., in trust, in relation to the retainages of various city contractors. I would appreciate your immediate advice as to the presence of such securities."

Attached to the letter was a listing of various securities purchased by Dean to be held in lieu of retained percentages for several contractors of the City.

The trustee (Joseph S. Carges) objected to the proposed amendment, stating that it was a nullity because the City had not filed a valid proof of claim with an appropriate officer of the bankruptcy court in a timely manner. In its response to the trustee's objection, the City contended that its letter was a proof of claim and cited Vigdor's listing of the City's debt in the Inventory and Schedule filed by him as assignee with the New York State Supreme Court, Monroe County, wherein he listed a liability of Dean to the City in the amount of $2,322,-571; his appointment as receiver May 30, 1973 and his subsequent appointment as co-counsel to trustee Carges June 19, 1973; and Vigdor's supposed retention of the City's "proof of claim" as factors to be taken into account by the bankruptcy judge in determining whether its letter should be considered a proof of claim. The City also alleged that disallowance of its claim would be inequitable. The schedule filed by Vigdor as assignee is attached to the City's response to the trustee's objection to its claim.

By order dated August 19, 1976, Judge Hayes sustained the trustee's objections and dismissed the "alleged claim by the City of Rochester dated April 5, 1973 and the so-called amended proof of claim dated June 15, 1976." He described the letter as an inquiry and found it defective as a proof of claim and also found that there was nothing in the bankruptcy file to give the trustee notice of the City's "claim". Judge Hayes felt that it would place too great a burden on the trustee to hold him responsible for determining whether or not any of the pieces of paper filed in the bankruptcy proceeding or any proceeding remotely connected with the bankruptcy proceeding constituted a proof of claim.

The City argues that the only issue on appeal is whether it should be allowed to file an amended proof of claim and raises the same points it did below. In its memorandum of law the City relies on cases showing the liberal attitude this circuit's Court of Appeals has adopted in allowing amendments of proofs of claim. *See, e. g.,*

*In re Gibraltor Amusements Ltd.*, 315 F.2d 210 (1963); *In re Lipman*, 65 F.2d 366 (1933); *In re Kessler*, 184 F. 51 (1910). However, the City ignores the essential finding of Judge Hayes that there was nothing on the record *in the bankruptcy proceeding* to put the trustee on notice of the City's intent to hold the estate liable. Whatever the contents of the letter, it had to have been filed with the bankruptcy court within the time limits prescribed by section 57n in order to be considered as a "proof of claim". *In re Thompson*, 227 F. 981 (3d Cir. 1915); *In re Dorb the Chemist Pharmacies*, 29 F.Supp. 832 (S.D.N.Y.1939); *In re Manning*, 4 F.Supp. 922 (D.Idaho 1933); *In re Brill*, 52 F.2d 636 (S.D.N.Y.), aff'd per curiam, 52 F.2d 639 (2d Cir. 1931); 3 Collier on Bankruptcy ¶ 57.11 (14th ed. 1977). The City asserts that the filing of a proof of claim with the state court's assignee is a sufficient filing for the purposes of the bankruptcy act.

■ Section 57n of the Bankruptcy Act ("the Act") [1] states in pertinent part:

"Except as otherwise provided in this Act, all claims provable under this Act, * * * shall be *proved and filed* in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: * * * " (Emphasis added)

Section 57a governs the form and content of a proof of claim.[2] A proof of claim is the statement of a creditor whereas the filing of a proof of claim is the manual delivery of the claim by the creditor. 3 Collier on Bankruptcy ¶ 57.02 and ¶ 57.10 (14th ed. 1977). Although the Act designates certain persons as repositories for the filing of a proof of claim, courts have evinced a certain liberality in considering proofs of claims as properly filed if they are brought to the attention of the trustee or if there is a reference to them in the records of the bankruptcy proceeding. *See, e. g., Scottsville Nat. Bank v. Gilmer*, 37 F.2d 227 (4th Cir. 1930); *In re Kessler, supra; In re Salvator Brewing Co.*, 188 F. 522 (S.D.N.Y. 1911), aff'd, 193 F. 989 (2d Cir. 1912).

■ The City relies heavily upon *In re Kessler, supra*, to support its position that a filing with the assignee for the benefit of creditors is a proper filing under the Act. Although the facts of the *Kessler* case are somewhat similar to those in the case at bar—i. e., the original "claim" was received by the state court assignee—the record showed that the "claim" and account of the transaction with the bankrupt were turned over to the receiver who subsequently became trustee. The City has assumed that its letter was turned over to the trustee, but there is no direct proof of this. More importantly, in *Kessler*, the attorney for the agent of the creditor called the receiver and inquired about the creditor's claim. He was told to call back and when he did he was informed that the claim had been received and that it was all right.[3] This statement by the receiver showed "that on November

---

1. At the time Dean was adjudicated a bankrupt, section 57 of the Bankruptcy Act of 1962 governed the filing of proofs of claim. An involuntary petition in bankruptcy was filed against Dean April 30, 1973. The first meeting of creditors was held June 19, 1973 and the last day for filing proofs of claim was December 19, 1973. On October 1, 1973 the new Bankruptcy Rules went into effect. The provisions of section 57 applicable to the instant case were 57a, c and n. Those sections are now incorporated into rules 301, 302(b), 509, 302(a) and 302(c). The general legal principles applicable to this case were not affected by the adoption of the rules. References to the Bankruptcy Act will be to section 57 as it read on April 30, 1973.

2. "A proof of claim shall consist of a statement in writing and signed by a creditor setting forth the claim; the consideration therefor; whether any and, if so, what securities are held therefor; and whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor."

3. This statement did not relieve the creditor of its burden of putting enough in its original claim to satisfy section 57a so that amendment would be permissible. *In re Kessler, supra*, at 54. Two later Second Circuit cases clearly state that the receiver cannot waive the requirements of the Bankruptcy Act as to proofs of claim. *In re Gibraltor Amusements Ltd.*, 315 F.2d 210 (1963); *In re High Point Seating Co.*, 181 F.2d 747 (1950).

30, 1907 (or thereabouts), [he] had in his possession a claim of some sort, inartificially drawn, to which his attention was specifically directed by a messenger from [the creditor], and which * * * he should thereafter have transmitted to the referee to pass upon its sufficiency." *In re Kessler, supra,* at 54. The creditor's actions were sufficient to bring its claim to the attention of the bankruptcy court. The court did not hold that the mere filing of a "claim" with the state court's assignee was sufficient. Later cases have made it clear that there must be something in the records of the bankruptcy court indicating the creditor's intention to hold the bankrupt's estate liable for the debt. *See, In re Thompson, supra; In re Dorb the Chemist Pharmacies, supra; In re Manning, supra.* Even the most liberal cases concerning the amendment of claims have found something in the bankruptcy court records that provided an adequate foundation for the amendment of the claim. *Fausett v. Murner,* 402 F.2d 961 (5th Cir. 1968); *Scottsville Nat. Bank v. Gilmer, supra.*

■ Two courts have specifically held that a filing with a state court's assignee is not sufficient under the Act and that the creditor has to take some affirmative action to make his claim appear on the records of the bankruptcy proceeding. *In re Brill,* 52 F.2d 636 (S.D.N.Y.), *aff'd per curiam,* 52 F.2d 639 (2d Cir. 1931); *In re Richmond Hill Electrical Supply Co., Inc.,* 47 F.2d 938 (E.D. N.Y.1931). Admittedly, the assignees in *Brill* and *Richmond Hill Electrical Supply* did not become officials in the bankruptcy court, whereas Vigdor was appointed receiver. However, the subsequent appointment of Vigdor as receiver did not relieve those creditors who contacted Vigdor when he was the assignee of their responsibility to file proofs of claim during the period prescribed by the Act. The Act clearly places the burden on the creditor to make a proper demand on the bankrupt's estate. *Hoos & Co. v. Dynamics Corp. of America,*

570 F.2d 433 (2d Cir. 1978). The fact that a creditor may have contacted or filed a claim with the state court's assignee does not relieve him of this burden even if the assignee then becomes the receiver of the bankrupt's estate. The City also cites *In re Gibraltor Amusements Ltd., supra,* as being favorable to its position. However, both the majority and concurring opinions therein make it clear that the decision was based on the peculiar facts of the case. Footnote 2 of the opinion states that the court is not deciding the question of whether the mere filing with the receiver prior to the first date set for the meeting of the creditors, without more, would be sufficient. From April 5, 1973 when the City wrote to Vigdor inquiring about securities supposedly held by Dean until June 15, 1976 when the City tried to amend its purported proof of claim, the City did not participate in the bankruptcy proceedings or contact any official of the bankruptcy court.

A dispute exists as to whether or not the City received notice of the bankruptcy proceedings in the proper manner, but the City does not and cannot argue that it did not have actual notice of the bankruptcy proceedings.

■ The City argues that Vigdor was aware of its claim, that he had it in his possession when he became the receiver and that he had an obligation to bring it to the trustee's attention.[4] The City cites Vigdor's listing of the debt owed to it in his schedule of assets and liabilities filed in the state court as evidence that he accepted its letter as a proof of claim. However, the papers filed in the state court clearly indicate that the schedule of assets and liabilities was culled from the records of the debtor and not from proofs of claims filed by creditors. Section 4 of New York's Debtor and Creditor Law imposes on the assignee the duty of filing such a schedule. The introductory paragraphs to the inventory and Vigdor's affidavit both state that the listings are tentative and subject to

4. There is no indication in the record that Vigdor brought the City's letter to the attention of the trustee.

change upon further examination. In *In re Imperial Sheet Metal, Inc.*, 352 F.Supp. 1149 (M.D.La.1973), the court noted that the scheduling of debts by a judicial liquidator and his depositing of his records with the trustee in bankruptcy (which records contained support for the creditor's claim) was not an assertion of the creditor's claim and his intent to share in the estate which was sufficiently adequate to allow an amendment.

As to the City's citing of the equities of the situation, no court has equity power to extend the statute of limitations set forth in section 57n of the Bankruptcy Act. *Hoos & Co. v. Dynamics Corp. of America, supra; In re Imperial Sheet Metal, Inc., supra.*

There was not a proper filing under the Act; therefore, there was and is no proof of claim to amend.

In addition, the letter sent to Vigdor by the City does not adequately state a demand against the estate of Dean. In order for a correspondence to be considered an adequate basis for amendment it must, at the minimum, indicate the basis for the claim and the creditor's intent to hold the bankrupt's estate liable. *Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir. 1970); *In re Lipman, supra; In re Imperial Sheet Metal, Inc., supra; In re Weco Equipment*, 55 F.Supp. 532 (E.D.N.Y.), *aff'd sub nom., Public Operating Corp. v. Schneider*, 145 F.2d 830 (2d Cir. 1944); *In re Quality Publications*, 12 F.Supp. 651 (S.D.N.Y.1935). The City refers to the words "in trust" as showing its intent to hold the estate liable. These words do not suffice as an indication of such intent.

It is therefore hereby

ORDERED that the order of the Bankruptcy Court, dated August 19, 1976, is affirmed.